**In re Philip A. ROSEN, Devorah Rosen, d/b/a Rosen Bros., Debtors.**

**Bankruptcy No. 83–00533.**

United States Bankruptcy Court, N.D. New York.

Oct. 26, 1988.

Goldberg, Harding & Talev, P.C., Syracuse, N.Y., for Trustee.

Harold P. Goldberg, of counsel.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The Court considers herein Trustee's Application for Interim Allowance ("Trustee's Application") and Attorneys' Application for Interim Compensation ("Attorneys' Application"). The former Application was filed by Harold P. Goldberg, Esq., as Trustee ("Trustee") on April 11, 1988, while the latter Application was filed by Goldberg, Harding & Talev, P.C. ("Goldberg") also on April 11, 1988.

A hearing was held on both Applications on June 6, 1988, without opposition. At the hearing, however, the Court requested submission of contemporaneous time records in support of the Trustee's Application.

On August 12, 1988, the Court received a letter from the Trustee enclosing a copy of the decision of Hon. John C. Akard in *Wall v. Wilson (In re Missionary Baptist Foundation of America)*, 77 B.R. 552 (Bankr.N. D.Tex.1987). The Trustee advised the Court that on the strength of *In re Missionary Baptist Foundation, supra*, 77 B.R. 552, he did not believe that it was necessary to submit time records in support of his Trustee Application.

On August 17, 1988, the Court responded to the Trustee's letter, pointing out that while a trustee may not be held to the same degree of particularity or specificity as other professionals, the Court was not prepared to embrace the premise that a trustee need not document his application for commissions, citing the case of *In re Roco Corp.*, 64 B.R. 499 (D.R.I.1986).

On September 29, 1988, the Trustee again corresponded with the Court generally outlining services performed, but advising the Court that he could not "reconstruct" time records which are unavailable, nor attempt to "fudge those records". The Trustee suggested that "the burdens and decision making duties of a trustee cannot be so measured, and should in turn be reviewed in a context of the degree of difficulty of a particular case and the results achieved."

While this final observation by the Trustee has substantial merit, it is not supported by the Bankruptcy Code (11 U.S.C.A. §§ 101–1330) (West 1988) ("Code"). Code §§ 326, 327 and 330, when read in concert, lead to the conclusion that the Court must be able to evaluate the Trustee's services, based on the nature, extent and value of those services, the time spent rendering the services, and the cost of similar services. Absent time records, such an evaluation cannot be accurately made.

Conversely, the Court understands the serious fiduciary duties undertaken by the trustee in administering a case, particularly a case of substantial complexity and monetary magnitude. The Court also recognizes the gross inequity that would result were the Court to adopt a strict interpretation of Code § 326, 327 and 330 in rejecting totally a trustee's application for commissions sought in the absence of any time records.

The Trustee here outlines generally the services he rendered in his fiduciary role, although he cannot ascribe any specific time or detail to those services.

While the Court cannot obviously award the maximum compensation of $26,412.59 recoverable under the formula set forth in Code § 326(a), the Court does believe that it might reasonably award the Trustee a commission of $5,000.00 after reviewing the nature of the case and its familiarity with the Trustee's performance of his fiduciary duties.

Turning next to the Attorneys' Application, the Court notes that it covers the period September 23, 1986 through January 27, 1988, and seeks a fee of $19,281.25. The Attorneys' Application is supported by contemporaneous time records which doc-

ument 154.25 hours expended in representation of the Trustee during the aforementioned period. The total hours are further broken down into 50.25 hours expended by Peter Talev, Esq., a partner in Goldberg, in consummating several real estate transfers on behalf of the Trustee, and 104 hours presumably expended by Harold P. Goldberg, Esq., also a partner in Goldberg. The services of both attorneys are billed at $125.00 per hour.

 In light of Goldberg's appointment by the Court on September 29, 1986, hours expended prior thereto are not compensable pursuant to the "per se" rule, which prevails in this Circuit. *See Futuronics Corp. v. Arutt, Nachamie & Benjamin (In re Futuronics Corp.)*, 655 F.2d 463 (2d Cir.1981), *cert denied*, 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Progress Lektro Shave Corp.*, 117 F.2d 602, 604 (2d Cir.1941); *In re Cuisine Magazine, Inc.*, 61 B.R. 210 (Bankr.S.D.N.Y. 1986); *In re Sapolin Paints, Inc.*, 38 B.R. 807 (Bankr.E.D.N.Y.1984); *In re Ochoa*, 74 B.R. 191 (Bankr.N.D.N.Y.1987).

Goldberg has effectively and efficiently represented the Trustee since its appointment, resulting in the Debtors' estate reporting receipts of $874,419.82 as of March 11, 1988.

A review of the time records submitted by Goldberg indicates adequate support for a fee of $18,968.75 (151.75 hours @ $125.00 per hour) for post-appointment services, and thus, that fee is approved herein.

The Court notes that on September 24, 1987, it signed an Order, on consent, granting super-priority status to the expenses of the Trustee not to exceed $125,000.00. The Order was sought by the Trustee due to the existence of a post-petition claim against the estate for a toxic waste cleanup by New York State.

Although the Court recognizes that the fee and commissions approved herein represent a significant portion of the super-priority expense pool, to which other substantial super-priority administrative claims will undoubtedly resort for payment, the Court believes that immediate payment of the fee and commissions approved herein is warranted and that full payment at this time will not prevent a pro rata distribution to the holders of other administrative claims granted super-priority status by virtue of the Court's September 24, 1987 Order.

No request for reimbursement of expenses having been made, none is awarded.

IT IS SO ORDERED.