In the Matter of URBAN AMERICA DE-VELOPMENT COMPANY, Debtor.

Howard E. TAYLOR, Appellant,

v.

DES MOINES SAVINGS AND LOAN ASSOCIATION, Appellee.

No. 77–1327.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 19, 1977.

Decided Nov. 7, 1977.

John H. Neiman, Des Moines, Iowa, made appearance and filed appendix, brief and reply brief for appellant.

E. S. Tesdell, Jr., and Tom W. George, Des Moines, Iowa, made appearance and filed brief for appellee.

Before GIBSON, Chief Judge, VOGEL, Senior Circuit Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

This is an appeal from an order of the district court affirming the award of fees and expenses to appellant trustee by the Bankruptcy Judge in an unsuccessful Chapter X proceeding. Jurisdiction is by leave of this court as required by Section 250 of the Bankruptcy Act, 11 U.S.C. § 650. The sole issue raised is whether the Bankruptcy Judge erred in the determination of the amount of compensation allowed to the appellant.

■ Section 241 of the Bankruptcy Act, 11 U.S.C. § 641, provides for compensation of trustees in reorganization proceedings under Chapter X as follows:

§ 641. Petitioning creditors; court officers; attorneys therefor

The judge may allow reimbursement for proper costs and expenses incurred by the petitioning creditors and reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in a proceeding under this chapter—

\* \* \* \* \* \*

(3) by the trustee and other officers, and the attorneys for any of them; . .

When a reorganization proceeding is dismissed, as was the case here, the judge is empowered to allow for such reasonable compensation as the trustee is entitled to under § 241. Bankruptcy Act § 246, 11 U.S.C. § 646. In determining the award of compensation, the Bankruptcy Judge has broad discretion and the appellate courts will not interfere with its award in the absence of a clear abuse of discretion or an erroneous application of law. *See In re York International Building, Inc. v. Chaney*, 527 F.2d 1061, 1068 (9th Cir. 1975); *Massachusetts Mutual Life Ins. Co. v. Brock*, 405 F.2d 429, 432 (5th Cir. 1969).

■ What constitutes "reasonable compensation" depends in each case on the facts and circumstances concerning the trustee's services and the particular reorganization proceeding. In reviewing a compensation allowance to an attorney for a trustee under § 241, the court in *In re Farrington Manufacturing Company*, 540 F.2d 653, 657 (4th Cir. 1976), stated:

In determining what is reasonable compensation in a particular case, the Court must give consideration to the time spent, to the character of the services rendered, the results achieved, the size of the estate, the evidence relating to the services rendered and "the economic spirit" of the Act itself.

The same factors are relevant in determining the allowance of compensation to a trustee under § 241. *See* 6A Collier on Bankruptcy, par. 13.02, pp. 909–913, par. 1314, pp. 997–998 (14th ed. 1972).

With these guidelines in mind, we have examined the very substantial record herein. That record indicates that the original valuation of the bankrupt's estate was $3,833,801.00. The time schedule filed by the appellant indicates that he has expended 594 hours over a period dating from September 17, 1974, to October 6, 1975, in performance of his duties. In addition to these hours, there were approximately 150 to 200 hours which the appellant allegedly worked but for which he did not account and made no claim for compensation. For the 594 hours accounted for, the appellant sought compensation in the amount of $26,000.00, or $43.77 per hour, plus expenses. Based on a consideration of these factors, of the nature of the appellant's services, and of their beneficial impact on the estate and secured creditors, the Bankruptcy Judge awarded compensation in the amount of $20

per hour plus expenses. This amount was approved by the district court.

 The appellant contends that the Bankruptcy Judge was not to consider, in determining the amount of compensation, whether the appellant's services were beneficial to the estate. The Bankruptcy Judge found that appellant's services were beneficial to the estate; hence, this factor was weighed in appellant's favor. Some courts have indicated that the determination of "reasonable compensation" under § 241 should not be limited to a consideration of the benefit of the services to the estate. *See In re Coast Investors, Inc.*, 388 F.2d 622, 627 (9th Cir. 1968); *In re Farrington Manufacturing Co.*, *supra* at 656. Here, however, the Bankruptcy Judge's findings indicate that benefit to the estate was but one of a number of factors considered in determining the reasonable amount of compensation for the appellant's services. While benefit to the estate is not the sole criterion, it certainly is a relevant factor to consider in determining reasonable compensation.

Upon a careful review of the record, we have concluded that the Bankruptcy Judge did not abuse its discretion in determining the amount of compensation to be awarded to the appellant.

We can sympathize with appellant's objection to the fee awarded as the record indicates that he has performed well as a trustee and that his services provided substantial benefit to creditors. Some of the benefit apparently resulted from services which were not documented as to value. As is often the situation in cases of this kind, the worth of such services is difficult to evaluate, and the Bankruptcy Judge is in the best position to determine their value. No doubt the appellant honestly feels that his services as trustee were worth twice the amount awarded to him. Nevertheless, objectively, we cannot overturn the award of the Bankruptcy Judge as approved by the district court, for the fee award fell within a discretionary range.

Accordingly, we affirm.