675 F.2d 166
 Bankr. L. Rep. P 68,854
In re ENDECO, INC., formerly a/k/a Environmental Development
Corporation of
North Dakota, a/k/a EDC, Inc.; LINCORP, Cavalier Estates,
Inc., Environmental Development Corp., Inc., Appellees,
v.
James H. HERZOG, Appellant.
 No. 81-1684.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1982.
Decided April 6, 1982.
 
 Douglas W. Thomson Law Firm, Cortland J. Silver, Jr., Saint Paul, Minn., for appellant.
 James H. Herzog, pro se.
 Lamb, Schaefer, McNair, Larson & Olson, Ltd., Alice K. Olson, Fargo, N. D., for appellees.
 Before LAY, Chief Judge, and ROSS and ARNOLD, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 James H. Herzog appeals the denial by the District Court[1] of his petition for compensation and expenses as trustee in bankruptcy. He was appointed trustee in 1973 in cases involving Endeco, Inc., Lincorp, Cavalier Estates, Inc., and Environmental Development Corporation-all petitioners for relief under Chapter X of the Bankruptcy Act. Herzog subsequently resigned as trustee after being indicted on December 12, 1978, for embezzling funds from these companies.[2]
 
 
 2
 On April 10, 1979, Herzog filed petitions for compensation totalling $470,391.25 and for payment of expenses in the amount of $11,602.64. A hearing was held on Herzog's applications on August 27, 1979, before Bankruptcy Judge Jacob Dim, sitting by designation as Referee and Special Master. Herzog was not present at the hearing[3] but was represented by counsel. Judge Dim denied Herzog's applications and, in addition, ordered return of all company property held by Herzog and awarded the successor trustee judgment against him in the sum of $718,126.01, representing fees and expenses previously paid to Herzog. 1 B.R. 64. Herzog filed a pro se appeal which was dismissed by the District Court. This Court reversed,[4] remanding the case to the District Court for a hearing on the merits. The District Court subsequently affirmed the order of the Bankruptcy Court on June 4, 1981.
 
 
 3
 On this appeal, Herzog claims that the Bankruptcy Court erred in denying his application for compensation and in granting judgment against him. He contends that, in disallowing compensation, the Court failed to consider the benefit to the estate rendered by him as trustee. It is true that benefit to the estate is one relevant factor in determining reasonable compensation. Matter of Urban American Development Co., 564 F.2d 808, 809 (8th Cir. 1977). Here, however, the Bankruptcy Court determined that in light of Herzog's admitted abuses as trustee he was not entitled to any compensation. Such a finding is within the authority of the Bankruptcy Court.
 
 
 4
 Under § 48(e) of the Bankruptcy Act, 11 U.S.C. § 76(e) (1979), the law in effect at the times relevant to this case, the Bankruptcy Court "may in its discretion, withhold all compensation from any receiver, trustee, attorney, or any other person who has been removed from office or dismissed because of the unlawful sharing of fees or for any other cause." (Emphasis ours). This Court has recognized the Bankruptcy Court's authority to withhold compensation pursuant to § 48(e). See Kimm v. Cox, 130 F.2d 721 (8th Cir. 1942). Although Herzog voluntarily resigned from his position as trustee, the Bankruptcy Court still has authority to withhold compensation where the trustee has misused the bankrupt's assets. See In Re Stillwell, 12 F.2d 205 (6th Cir. 1926); 2A Collier on Bankruptcy § 48.11 (14th ed. 1978).
 
 
 5
 Herzog also argues that the Bankruptcy Court exceeded its authority by entering judgment against him for sums previously paid over to him by the estate. He asserts that, based on the pleadings submitted, the court had authority only to grant or deny his applications for compensation. He cites the proposition that "(a) court may not, without the consent of all persons affected, enter a judgment which goes beyond the claim asserted in the pleadings." Armstrong Cork Co. v. Lyons, 366 F.2d 206, 208 (8th Cir. 1966) (quoting Sylvan Beach v. Koch, 140 F.3d 852, 861-862 (8th Cir. 1944)). The record shows, however, that at least one petition in opposition to Herzog's applications sought not only denial of Herzog's fee petitions but also the return of fees, commissions, and expenses previously paid to or received by him. This petition, presented in letter form, was filed with the Bankruptcy Court on August 8, 1979, 19 days before the date of the scheduled hearing in the case. Herzog received a copy of this document and was thus placed on notice that a specific claim for return of money already paid was being made. The order of the Bankruptcy Court directing Herzog to restore compensation and expenses improperly received was therefore "a perfectly lawful order which, under the facts of the case, the (bankruptcy judge) had a right to make." In re Perelstine, 44 F.2d 62, 63 (W.D.Pa.1930).
 
 
 6
 Herzog also claims error on the part of the District Court in failing to consider his appeal properly. He contends that the court did not devote sufficient time to consideration of the case and did not allow oral argument. Herzog filed his brief with the District Court on May 14, 1981, and Appellee James McMerty, successor trustee, filed his brief on May 26, 1981. The District Court affirmed the ruling of the Bankruptcy Court by order of June 1, 1981. While the actual time between the filing of appellee's brief and the date of the Court's decision may seem short, the District Court was already familiar with the record in the case and had sufficient time to review the record as needed.
 
 
 7
 Opportunity for oral argument is controlled by Bankruptcy Rule 809, which states that "(u)nless otherwise provided by local rule or court order the parties shall be given an opportunity to be heard on oral argument." (Emphasis ours). In its order of March 24, 1981, establishing the briefing schedule, the District Court stated that "the matter (would) be deemed submitted" after all the briefs were filed. Having failed both to object to this apparent elimination of oral argument and to request argument initially, Herzog waived the opportunity to be heard on oral argument.
 
 
 8
 In a separate pro se reply brief, Herzog takes issue with the factual findings of the Bankruptcy Court. We note that "(i)n determining the award (or non-award) of compensation, the Bankruptcy Judge has broad discretion and the appellate courts will not interfere with (his) award in the absence of a clear abuse of discretion." Matter of Urban American Development Co., supra, 564 F.2d at 809. The District Court found no abuse of discretion, and we see no reason to disagree. The findings of the Bankruptcy Court are not clearly erroneous.
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 The Hon. Bruce M. Van Sickle, United States District Judge for the District of North Dakota
 
 
 [2]
 Herzog pleaded nolo contendere to one count of embezzlement and guilty to four additional counts
 
 
 [3]
 Herzog was incarcerated at the time
 
 
 [4]
 636 F.2d 1225 (8th Cir. 1980)