**In re GEORGE SCHUMANN TIRE AND BATTERY COMPANY, INC., Debtor.**

**UNITED STATES of America on Behalf of GEORGE SCHUMANN TIRE AND BATTERY CO., INC., and George Schumann Tire and Battery Company, Inc., Plaintiffs,**

**v.**

**Charles W. GRANT, Charles W. Grant, Trustee, and Fidelity and Deposit of Maryland, Defendants.**

Bankruptcy No. 83–0202–3P7.
Adv. No. 90–193.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 10, 1992.

Herbert R. Donica, Tampa, Fla., for plaintiffs.

Elizabeth A. Green, David T. Knight, Tampa, Fla., for defendant—Fidelity and Deposit Co. of Md.

Michael G. Williamson, Orlando, Fla., for defendant—Charles Grant.

Charles Grant, Orlando, Fla., trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration are claims set forth in the Third Amended Complaint filed by the United States of America (Government) on behalf of the Debtor, George Schumann Tire and Battery Company, Inc. (Debtor), against Charles W. Grant, (Grant) individually and as the Trustee of the Debtor's estate, and Fidelity & Deposit of Maryland (Fidelity) who issued the performance bond for Grant in his capacity as the Trustee. The claim of the Debtor is based on the alleged breach of fiduciary duty by Grant. The Debtor seeks relief based upon the allegations set forth in the Third Amended Complaint asserting in Count I that Grant breached his fiduciary duty by failing to comply with several orders issued by this Court directing Grant to refund surplus funds to the Debtor. The Debtor further alleges in Count II that Grant breached his fiduciary duty by failing to invest monies of the estate as required by Section 345 of the Bankruptcy Code; in Count III, by failing to pay into the registry of the Court surplus funds, i.e. funds which remained after payment of all valid claims, pursuant to Section 347(a) (sic) of the Bankruptcy Code; and in Count IV that Grant breached his fiduciary duty by failing to expeditiously close the administration of the estate. Lastly, the Debtor alleges in Count V breach of fiduciary duty arising from Grant's failure to properly distribute property of the estate, pursuant to § 704 (sic) of the Bankruptcy Code. Both Defendants filed their respective answers, denying all material allegations in the Third Amended Complaint.

The record is devoid of any evidence to support the allegations contained in Counts Two, Three, Four and Five. Therefore, these counts shall be dismissed with prejudice. This leaves for consideration the allegations contained in Count I of the Third Amended Complaint.

The record as established at the final evidentiary hearing reveals the following facts which are relevant to the resolution of the Debtor's claims.

On April 5, 1983, Kenneth R. Grant and Jaffe, Shainbrown & Grenadier, P.A., filed an Involuntary Petition for Chapter 7 liquidation against the Debtor in the Jacksonville Division of this District. On May 2, 1983, the Court entered an Order for Relief

and appointed Charles W. Grant trustee. Grant properly qualified by furnishing a performance bond issued initially by Fireman's Insurance Company of Newark, N.J. in the penal sum of $100,000.00 in favor of the Government.

On May 28, 1988, Grant transferred his coverage to the Blanket Bond covering all Trustees serving in the Jacksonville Division. The appointment was made by the Office of the U.S. Trustee which by operation of law assumed the responsibility of establishing a panel of private trustees pursuant to 28 U.S.C. § 586(a)(1). This bond is in an aggregate amount of $1,715,000.00, is underwritten by Fidelity and Bond Co. of Maryland and is posted to assure faithful performance of Grant as Trustee. The Fidelity performance bond sets forth as a condition of the bond that the:

> ... Trustees ... shall obey such orders as the United States Bankruptcy Court or the United States District Court or any of the Judges of either such courts may make in relation to the trust undertaken by said Trustees ...

In due course, Grant applied for authorization to employ himself as attorney for the estate, and also to employ Ronald Bergwerk (Bergwerk) as special counsel for the estate. Both applications were granted on May 6, 1983 and May 18, 1983, respectively.

On May 12, 1983, Grant initiated an adversary proceeding against Harold Hart ("Hart"), a principal of Hart Enterprises, and Hart Enterprises, seeking a money judgment based on certain transfers of assets by the Debtor to Hart and Hart Enterprises. On January 24, 1984, Grant prevailed and obtained a judgment against Hart and Hart Enterprises in the amount of $346,189.60, and proceeded promptly to collect the judgment through garnishment of Hart's personal investment account, and succeeded in obtaining $223,522.60. On December 11, 1985, when Grant received the proceeds of the garnishment, he had in his trustee's account a total of $414,517.67, an amount more than sufficient to pay all filed and allowed claims in full, leaving a surplus of approximately $275,000.00.

In due course, Bergwerk filed his application for compensation for his services rendered to Grant requesting $103,200.00. Hart filed an objection to Bergwerk's Fee Application. On July 31, 1986, the Honorable George L. Proctor, the Judge presiding over the case, entered an Order on Bergwerk's Application of Attorneys Fees, and awarded him $35,725.88. This amount was paid by Grant on August 4, 1986.

On August 4, 1986, Judge Proctor ordered Grant to pay dividends to creditors on the allowed claims, and to refund to the Debtor surplus funds in the amount of $275,088.96. It is without dispute that Grant did not comply with the Order of August 4, 1986, albeit he paid all allowed claims in full. Grant's failure to comply with the August 4th Order is one of the central issues before this Court.

On August 11, 1986, the Debtor filed a notice of appeal challenging Judge Proctor's fee award. Bergwerk filed a cross-appeal of the same order. On December 7, 1987 the District Court, having considered the appeal, vacated the order of allowance and remanded Bergwerk's application for further consideration directing Judge Proctor to make specific findings of the applicability of the principles enunciated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

On December 14, 1987, the Debtor filed a motion requesting an order compelling Grant to refund the surplus funds to the Debtor. This Motion was heard by the undersigned after a request for the recusal of Judge Proctor was granted on March 8, 1988. Shortly thereafter, this Court rescheduled a hearing to consider all pending matters. On July 25, 1988, after the hearing, this Court ordered Grant again to remit the balance of funds in his account within ten (10) days of the entry of the Order. 89 B.R. 223.

On July 27, 1988, the Debtor filed a Motion for Rehearing seeking an Order to vacate the Order which directed Grant to refund the surplus funds to the Debtor. This Motion for rehearing was granted. On September 8, 1988 this Court entered an order clarifying the amount of interest to be paid to the Debtor, and again ordered

that Grant refund to the Debtor $340,-205.92, the amount which included the original refund principal and accrued interest. In addition, this Court reaffirmed Judge Proctor's fee award and awarded Bergwerk $35,725.88. Grant filed a Notice of Appeal challenging the interest portion of the refund order. Bergwerk again appealed the fee award. A stay pending appeal was sought by Bergwerk through an emergency motion, but was denied by the District Court. Nonetheless, Grant still refused to refund the surplus to the Debtor, as ordered by this Court on September 8, 1988.

The District Court affirmed the fee award, but did not address the interest issue. Both Grant and Bergwerk appealed the District Court's order to the Eleventh Circuit Court of Appeals. Again, no stay was in effect pending the appeal. Notwithstanding, Grant still refused to refund the amounts ordered by this Court to the Debtor.

Grant ultimately did tender payment to the Debtor in the amount of $299,749.22 on September 22, 1988, November 25, 1988, and July 14, 1989, respectively. The Debtor refused each tender claiming that the tenders were short by $45,882.70.

On August 10, 1990, 908 F.2d 874, the Eleventh Circuit Court of Appeals affirmed the District Court and in turn this Court's orders but remanded the matter to the District Court to take appropriate actions necessary to ensure payment of the $275,-088.96 refund to the Debtor along with only the portion of the $65,116.76 award of interest generated as interest on the refund. Upon receipt of the mandate from the Eleventh Circuit, the District Court remanded the matter to this Court with the direction to carry out the direction of the Court of Appeals. On August 15, 1990, after the Eleventh Circuit rendered its decision, Grant tendered again to the Debtor the funds he had on hand, totalling $319,-577.63.

Based on the foregoing facts, it is the contention of the Debtor that it is entitled to an award of damages against Fidelity based on the alleged breach of the bond issued by Fidelity posted to assure a faithful performance of Grant as Trustee of the estate in his charge.

The Bankruptcy Code sets forth the duties of the Chapter 7 Trustee in § 704, which reads in pertinent part:

§ 704. Duties of trustee

The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

■ There is no question that a bankruptcy trustee may be held personally liable for breach of his fiduciary duty. *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). Such liability may attach as a result of negligent, as well as knowing or intentional violations of their fiduciary duties. *In re San Juan Hotel Corp.*, 847 F.2d 931 (1st Cir 1988); *Connecticut General Life Ins. Co. v. Universal Ins. Co.*, 838 F.2d 612 (1st Cir.1988); *In re Gorski*, 766 F.2d 723 (2nd Cir.1985); *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983); *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir.1982); *Sherr v. Winkler*, 552 F.2d 1367 (10th Cir. 1977). Liability may be imposed on the Trustee either for the benefit of the estate in the form of a surcharge, or in the form of damages in a direct action against the Trustee for the benefit of parties in interest injured by the Trustee's conduct. *Mosser*, 341 U.S. 267, 71 S.Ct. 680; *Connecticut General*, 838 F.2d at 621; *In re Rigden*, 795 F.2d 727 (9th Cir.1986); *In re Traffic Safety Company, Inc.*, 21 B.R. 669, 6 C.B.C.2d 1297 (E.D.Pa.1982). It is equally true that parties of interest injured by the Trustee's breach of fiduciary duty may also recover damages from the bonding company who issued the bond posted by the Trustee.

■ There is hardly any doubt that upon the showing of surplus funds in the estate after distribution to creditors, a Chapter 7 debtor is considered a party in interest. This is so because under § 726 all surplus funds shall be returned to the Debtor. *In re Woods*, 139 B.R. 876 (Bankr.E.D.Tenn. 1992); *In re Coleman*, 131 B.R. 59 (Bankr. N.D.Tex.1991).

**108**

It is without dispute that in the instant case, Grant was ordered as early as August 4, 1986 by Judge Proctor and later on by this Court, to turn over to the Debtor the funds remaining in the estate after all filed and allowed claims have been paid. This record is totally devoid of any evidence which furnishes any justifiable reason for Grant's failure to obey these orders and to turn over the funds, and was a clear willful, knowing violation of several lawful orders of the Court. The failure to tender the surplus funds to the Debtor not only prevented the expeditious closing of the estate but also deprived the Debtor of funds to which it was clearly entitled. It is important to note that Grant himself is a practicing attorney, and the fact that his failure to comply with these orders was based on advice of counsel cannot be accepted as a valid excuse. The sustained and continuing obstinate conduct by Grant certainly constituted a breach of his fiduciary duties imposed on him by operation of law. More importantly, what brought into play Fidelity's liability on the bond was his failure to obey the orders of the Bankruptcy Court.

It should be noted however that the difficulty with the relief sought by the Debtor is evident when one closely reviews the facts of this record. Grant's first breach was his failure to comply with the August 4, 1986 Order of Judge Proctor which directed the refund to the Debtor. At that time, Grant was covered by a bond issued by Fireman's Insurance Co. of Newark, N.J., a corporation not named as defendant in this adversary proceeding, and not by Fidelity. However, it is equally clear that Grant breached his fiduciary duty again when he was covered by the bond issued by Fidelity through his failure to comply with this Court's Order of September 8, 1988, directing the turnover of $340,205.92 to the Debtor's.

Based on the foregoing, this Court finds that the Debtor suffered damages by Grant's breach of fiduciary duty, and for this reason, it is appropriate to award judgment in favor of the Debtor and against both Grant, as Trustee, and Fidelity jointly and severally. Inasmuch as this Court had directed Grant to refund to the Debtor the sum of $340,205.92, by Order dated September 8, 1988, and Grant has turned over $319,577.63 to the Debtor, the Debtor has been damaged in the amount of $20,628.29, which was not refunded. In addition, inasmuch as the refund was determined to be due to the Debtor by Order dated August 4, 1986, the Debtor is entitled to interest on the full amount of the refund of $275,088.00 at the current federal judgment rate of 3.41% per annum, from September 8, 1988, until August 15, 1990, the date Grant turned over the funds he had on hand, in the amount of $319,577.63. From that date, the Debtor is entitled to interest on the shortfall, $20,628.29 accruing until payment is made.

A separate final judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.