### In re CHARLESTOWN HOME FURNISHING, Debtor.

### Bankruptcy No. 90–41507–172.

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 1, 1993.

A. Thomas DeWoskin, Trustee, St. Louis, MO.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The consolidated hearing on the United States trustee's Objection to the Chapter 7 Trustee's Final Report, and the Motion of the United States trustee to surcharge the Chapter 7 Trustee were called on January 29, 1993. On consideration of the record as a whole, including the argument presented at said hearing, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On or about September 10, 1991, approximately $8,952.67 was transferred from a bankruptcy estate interest bearing bank account, to a bankruptcy estate non-interest bearing bank account. The exact reason or cause for this transfer has not been made a part of this record, and may not be known to these parties. Slightly more than one year later, on October 2, 1992, the Chapter 7 Trustee submitted his final report to the United States trustee. The United States trustee has argued that the Chapter 7 Trustee should be surcharged for the yield that could have been earned when these assets were on deposit in the non-interest bearing account for the 387 days prior to the submission of the final report.

The Chapter 7 Trustee has responded by stating that because the reason for the transfer in September, 1991 is not clear, he should not be held strictly liable for the unearned interest.

There is no question that a bankruptcy trustee may be held personally liable for breach of his fiduciary duty. (citations omitted) Such liability may attach as a result of negligent, as well as knowing or intentional violations of their fiduciary duties.

*In re George Schumann Tire and Battery Co., Inc.*, 145 B.R. 104, 107 (Bankr. M.D.Fla.1992).

One of the duties of a Chapter 7 trustee is to collect and reduce to money the property of the estate, and to close the estate as expeditiously as is compatible with the best interests of parties in interest. 11 U.S.C. § 704(1).

A trustee may be held personally liable for a negligent failure to perform duties imposed on him by law. *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951); *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983).

It is undeniable that a Chapter 7 trustee has the duty to preserve estate assets. *In re Reich*, 54 B.R. 995 (Bankr.E.D.Mich. 1985).

The Bankruptcy Code anticipates that a trustee will deposit or invest money

of the bankruptcy estate so as to yield the maximum reasonable net return on such money. 11 U.S.C. § 345(a).

> .... a trustee must conform to the legal standard of a prudent person making investment decisions regarding his own money.... The duty to invest will arise where the estate will remain open for a sufficient period of time to make investment practical.

*In re Consupak, Inc.*, 87 B.R. 529, 545 (Bankr.N.D.Ill.1988).

■ The Court has determined that in the circumstances presented here, a reasonably prudent person would have deposited the estate assets in an interest bearing account during the 387 days prior to the submission of the final report. The Chapter 7 Trustee's failure to monitor the investment or deposit of estate money during this period was not intentional, was not a breach of his fiduciary duty, but was negligent. Therefore, the Chapter 7 Trustee may be personally liable for any loss to the estate.

■ The amount of loss to the estate was calculated by the United States trustee by first subtracting 70 days from the 387 day non-interest bearing period. The attorney for the United States trustee stated that her office recognizes that estate money must be withdrawn from interest bearing accounts prior to the submission of the final report so that the distribution amounts may be based on a sum certain. As a matter of policy, the United States trustee's office has established seventy days as a reasonable length of time between withdrawal from interest bearing accounts and submission of the final report.

The Court accepted the United States trustee's argument that a reasonable average rate of interest during this period was four (4%) percent. Therefore, the amount of the loss suffered by the estate for 317 days as a result of the failure to invest estate money was $309.18.

IT IS ORDERED that these hearings are concluded; and that the Motion of the United States trustee to surcharge the Chapter 7 Trustee is granted in part, in that the Chapter 7 Trustee's allowed compensation is reduced by the amount of $309.18 for the benefit of the estate; and

That in view of the requests to amend the final report, the objections of the United States trustee to the Chapter 7 Trustee's final report are overruled without prejudice as moot.