**In re Fred J. KOCH, dba Koch Drywall, Marble & Tile, and Norma J. Koch, Debtors.**

Bankruptcy No. 90–10209–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 3, 1996.

Frank A. Principe, Brandon, FL, for Debtors.

Cynthia P. Burnette, Tampa, FL, for U.S. Trustee.

Melody D. Genson, Trustee, Sarasota, FL.

Michael A. Moran, Sarasota, FL, for Joy, Gause & Moran.

**ORDER ON UNITED STATES TRUSTEE'S OBJECTIONS TO (1) TRUSTEE'S PRELIMINARY REPORT OF ESTATE; (2) APPLICATION OF TRUSTEE FOR COMPENSATION; (3) APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES FOR ATTORNEY FOR TRUSTEE (JOY, GAUSE, GENSON & MORAN); AND (4) APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEE FOR ATTORNEY FOR TRUSTEE (MELODY D. GENSON)**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matters under consideration are the United States

Trustee's (US Trustee) Objections to (1) the Trustee's Preliminary Report; (2) the Application of the Trustee for Compensation; (3) the Application for Allowance of Attorney's Fees for Attorney for Trustee filed by the law firm of Joy, Gause, Genson & Moran (Joy & Gause); and (4) Application For Allowance of Attorney's Fee by Melody Genson (Genson) for services rendered to herself acting as the Trustee of the estate of Fred J. Koch, dba Koch Drywall, Marble & Tile, and Norma J. Koch (Debtors).

At the duly scheduled and noticed hearing on the above matters, this Court heard argument by the US Trustee and Ms. Genson, and having concluded the relevant portion of the record of this case, now makes the following findings of facts and conclusions of law.

Fred J. Koch (Debtor) filed his voluntary Petition For Relief on October 10, 1990. On November 6, 1990, the US Trustee filed its Notice of Appointment of Ms. Melody Genson (Trustee) to be in charge of the administration of the Debtor's estate. On April 28, 1995, or almost five years after the commencement of the case, the U.S. Trustee requested a hearing to resolve the Trustee's failure to file the Preliminary Report of the Estate. On June 26, 1995, the Trustee submitted to the US Trustee her Preliminary Report, which was found to be deficient by the US Trustee in several respects; all of which was called to the attention of the Trustee. Notwithstanding, several still remain uncorrected.

In addition, it appears that the Trustee failed to examine the proofs of claims filed and failed to object to the allowance of several which appear to be defective. Moreover, on September 14, 1993, the Trustee transferred estate funds totalling $104,275.26 from the estate's money-market interest bearing account to a non-interest bearing account. Ostensibly, because the Trustee was to expeditiously close the administration of the estate and make the distribution. It is without dispute that this did not occur at all. The funds remained and still are in a non-interest bearing account. As a result, the estate lost more than $7,000.00 in interest.

## APPLICATION OF TRUSTEE FOR COMPENSATION

The U.S. Trustee also filed an Objection to Ms. Genson's Application for Compensation, pointing out matters which require consideration by this Court. Ms. Genson's Application seeks compensation for her services as Trustee in the amount of $3,869.36 and reimbursement of expenses in the amount of $368.94.

■ The U.S. Trustee in its Objection points out first, the Trustee transferred funds totaling $104,275.26 from her money-market, interest-bearing, estate account at Bank of America to a non-interest bearing account, presumably to close the case. However, because the Trustee has not expeditiously closed the case, the funds have remained in a non-interest bearing account since that time. Thus, the Trustee has deprived the estate of several thousand of dollars of interest which would have been earned had the money been left in an interest bearing account.

■ As a matter of policy, the United States Trustee's office has established seventy days as a reasonable length of time between withdrawal from interest bearing accounts and submission of the final report. *In re Charlestown Home Furnishing*, 150 B.R. 226, 228 (Bankr.E.D.Mo.1993). Where a Trustee is negligent in investing the estate assets in an interest bearing account, the Chapter 7 Trustee may be personally liable for any loss to the estate. *Id.* at 228. In the present Case, the Trustee has not only exceeded the customary seventy days for withdrawal from the interest bearing account, but has left the money remaining in a non-interest account for approximately two and a half years. Under 11 U.S.C. § 345(a), the Code anticipates that a trustee will deposit or invest money of the bankruptcy estate so as to yield the maximum reasonable net return on such money.

Even a brief review of the facts of this case leaves a conclusion that a reasonable prudent person would have never left funds in excess of $100,000.00 in a non-interest bearing account for two and a half years. Ms. Genson was negligent in causing a loss of several

thousand dollars to the estate by leaving the funds in a non-interest bearing account, and accordingly this Court finds that the Trustee is personally liable for the loss.

Considering the foregoing, the Trustee's Objection to the Application of Trustee for Compensation is sustained and the Trustee's Application is denied in toto.

### APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES BY ATTORNEYS FOR TRUSTEE

 The firm of Joy & Gause was not authorized by this Court to be employed as attorneys for the Trustee. In its Application filed on February 23, 1996, Joy & Gause seeks an allowance of $10,620.00 as fees for legal services, and $386.53 as reimbursement for expenses for the period of November 14, 1990, through September 18, 1991. According to the Application, Joy & Gause spent 70.8 hours performing legal services for the Trustee at an hourly rate of $150.00.

The U.S. Trustee in its Objection points out first, that Joy & Gause was not employed in this case. The U.S. Trustee further points out that many of the services that were provided by Joy & Gause duplicate the services normally performed by the Trustee and do not require the assistance of counsel. Based on the foregoing, it is evident that Joy & Gause was not authorized by this Court to be attorneys for the Trustee, and the application for legal services and fees is denied in toto.

### APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEE FOR ATTORNEY FOR TRUSTEE

On June 27, 1995, Ms. Genson filed an Application for Appointment of Attorney for Trustee Nunc Pro Tunc, for services provided from October 29, 1991, to the present. On June 30, 1995, this Court entered an Order authorizing the employment of Melody D. Genson as attorney for the Trustee nunc pro tunc from October 29, 1991. The matter under consideration is her Application For Allowance which seeks an allowance of $8,850.00 for attorney's fees for 59 hours spent on legal services billed at the rate of $150.00 per hour. In addition, she also seeks

a reimbursement of expenses of $23.00. The Schedule submitted with the Fee Application leaves no doubt that the bulk of the time spent was for routine non-legal services which were primary duties to be performed by a Trustee and, as such, they do not require professional services. In light of the fact that the estate also had special counsel employed to handle legal matters required in connection with the administration of the estate, this Court is satisfied that compensable legal services were minimal and a reasonable fee should not be more than $6,500.00.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the United States Trustee's Objections to the Trustee's Preliminary Report be, and the same are hereby sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Application of the Trustee for Compensation be, and the same is hereby denied in toto. It is further

ORDERED, ADJUDGED AND DECREED that the Application for Allowance of Attorney's Fees for Attorney for Trustee filed by the law firm of Joy, Gause, Genson & Moran be, and the same is hereby denied in toto. It is further

ORDERED, ADJUDGED AND DECREED that the Application For Allowance of Attorney's Fee by Melody Genson for services rendered to herself acting as the Trustee be, and the same is hereby approved, and a reasonable fee for services rendered during the applicable time period is hereby determined to be $6,500.00 and reasonable expenses incurred during the relevant time period are hereby determined to be $23.00.

DONE AND ORDERED.