### In re SOUTHEAST BANKING CORP., Debtor.

### No. 91–14561–BKC–PGH.

United States Bankruptcy Court, S.D. Florida.

June 14, 2004.

Southeast Banking Corp., Miami, FL, pro se.

Mark D. Bloom, Greenberg Traurig, LLP, Miami, FL, Stephen D. Busey, Smith Husley & Busey, Jacksonville, FL, for Jeffrey H. Beck, Chapter 7 Trustee.

Robert A. Julian, Winston & Strawn, LLP, San Francisco, CA, John W. Kozyak, Kozyak Tropin & Throckmorton, P.A., Miami, FL, for William A. Brandt, Jr., former Chapter 7 Trustee.

Scott L. Baena, Bilzen Sumberg Baena Price & Axelrod, LLP, Miami, FL, for Ad Hoc Committee of Subordinated Noteholders.

Stephen A. Goodwin, Carrington Coleman Sloman & Blumenthal, LLP, Dallas, TX, Geoffrey S. Aaronson, Adorno & Yoss,

P.A., Miami, FL, for Bank of New York, Indenture Trustee.

Paul J. McMahon, Paul Joseph McMahon, P.A., Miami, FL, for Gabriel Capital, L.P.

Craig V. Rasile, Hunton & Williams, LLP, Miami, FL, for U.S. Bank National Association, Indenture Trustee.

### ORDER OVERRULING OBJECTIONS TO THE EXTENT THE OBJECTIONS ARE BASED ON DENIAL OF ALL FEES AS A MATTER OF LAW

PAUL G. HYMAN, JR., Bankruptcy Judge.

This matter came before the Court on March 19, 2004, upon Jeffrey H. Beck (the "Trustee") and William A. Brandt, Jr.'s (the "Former Trustee") Motion for Approval of Settlement and Compromise of All Disputes with William A. Brandt, Jr., and Award for Final Compensation for Services as Trustee (the "Brandt Settlement Motion"). Objections to the Brandt Settlement Motion were filed by the Ad Hoc Committee of Subordinated Noteholders (the "Committee"), the Bank of New York as Indenture Trustee ("BNY"), and U.S. Bank National Association, as Indenture Trustee ("USB"), and Gabriel Capital, L.P. and its affiliates ("Gabriel") filed a Joinder in Ad Hoc Committee's Objection to the Brandt Settlement Motion (collectively, the "Objections").

The Objections argue in part, that the Brandt Settlement Motion must be denied as a matter of law, because the Former Trustee is not entitled to payment of *any* fees based upon the findings of willful misconduct made by Magistrate Judge Garber, adopted by Judge Davis, and left undisturbed by the Eleventh Circuit. *See In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation,* 212 B.R. 397 (S.D.Fla.1997)[1], *rev'd in part*

1. The Southeast Banking Corp. Securities and Loan Loss Reserves Litigation was a consolidated action commenced by William A. Brandt, Jr., as Trustee of Southeast, as a

*Beck v. Bassett (In re Southeast Banking Corp.),* 204 F.3d 1322 (11th Cir.2000). Judge Davis adopted Magistrate Judge Garber's Report and Recommendation wherein it was found that William Brandt, Jr., as Trustee of Southeast, and his counsel violated the court's discovery orders by serving Bankruptcy Rule 2004 subpoenas and commenting to the press about FDIC documents. Such misconduct was determined to be willful. *Id.*

The Objections cite a number of cases in support of their argument that the Former Trustee is not entitled to any compensation based upon the findings of willful misconduct. A review of these cases reveals that the courts involved exercised their discretion to deny fees based upon case specific facts such as a trustee's deliberate fraud on the estate or the bankruptcy court in fee applications, or upon a trustee embezzling from the estate. *See, In re Evangeline Refining Co.,* 890 F.2d 1312 (5th Cir.1989) (matter remanded for determination whether fraudulent trustee fee application which was found to be a fraud on the court and the estate, required complete denial of all fees, and noting "[where trustee or attorney for trustee misrepresents facts to the court with knowledge of their falsity and intent to deceive, courts have repeatedly denied compensation.]"); *Futuronics v. Arutt, Nachamie & Benjamin (In re Futuronics Corp.),* 655 F.2d 463 (2d cir.1981) (denying all fees to counsel and special counsel for DIP based upon failure to disclose connections between the law firms in direct violation of Bankruptcy Rule 215, engaging in fee splitting in direct violation of Rule 219, and breach of fiduciary duty to the court by making false statements calculated to deceive the bankruptcy judge, and noting that it was an abuse of

discretion to award fees given the attorneys' egregious illicit conduct); *In re Endeco, Inc.,* 675 F.2d 166 (8th Cir.1982) (denying compensation to former trustee who was incarcerated for embezzling funds from debtor companies); *In re NWFX, Inc.,* 267 B.R. 118, 221 (Bankr.W.D.Ark. 2001) (denying compensation due to "breach of fiduciary duty in performance of the duties as trustee by committing fraud on the debtor corporations and the court in overpayment to himself... When a trustee misrepresents facts to the Court with knowledge of their falsity, denial of compensation is appropriate."); *In re Charter Oak Security Agency,* 173 B.R. 456 (Bankr.D.Conn.1994) (denying all compensation to trustee who plead guilty to charge of embezzlement by a trustee and who was ordered to make restitution in excess of $800,000, noting that "fraud on the court and the estate is misconduct of the highest order warranting denial of all compensation."); *In re Michael Poor,* 127 B.R. 787 (Bankr.M.D.La.1991)(denying request for $409.86 in compensation to trustee where trustee's failure to object or appear in the case resulted in approval of debtor's motion to file proof of claim on behalf of taxing authorities 140 days after expiration of the deadline. Consequently all funds earmarked for distribution to unsecured creditors were absorbed. The court noted that trustee's breach of fiduciary duty to estate by failing to appear or object "renders the notion of compensation inconceivable."); *Zipkin v. Slodov (In re Slodov),* 849 F.2d 610 (6th Cir.1988)(denying trustee compensation based upon several findings of negligent management of estate assets and failure to conserve assets of the estate, including "incurring excessive expenses on behalf of the estate pri-

result of his investigation into the activities and events that led to the ultimate problems at Southeast and the alleged subsequent failure to engage in efforts to maximize the assets of the Receivership Estate prior to final distributions to Southeast's creditors, depositors, and shareholders. Defendants in the action were South-

east's former Directors and Officers, the Federal Deposit Insurance Corporation, Resolution Trust Corporation, Deloitte & Touche, Ernst & Young, and others (the "Consolidated Litigation"). *In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation,* 212 B.R. 397, 400 (S.D.Fla.1997).

marily for payment of compensation to himself", but not reaching the issue of whether trustee's appointment was improper based upon trustee's relationship with the bankruptcy judge who appointed him); *In re Red Carpet Corp. of Panama City Beach v. Miller,* 708 F.2d 1576 (11th Cir.1983) (affirming lower court's determination that an attorney for a debtor in possession can be denied fees for alleged negligence, improper fee splitting, improper fee arrangements and breach of trust, but cannot be additionally assessed money damages for losses due to such wrongdoing or negligence, noting that a bankruptcy trustee may be surcharged for loss due to his negligence or wrongful conduct.); *In re Big Rivers Electric Corp.,* 355 F.3d 415 (6th Cir.2004)(affirming disgorgement of fees where examiner violated his duty to remain disinterested and loyal, and violated his duty to disclose payments promised to him as privately negotiated success fees, noting that although the examiner was "[h]ired to serve the estate's interests, he started down a path that served his own.").

In this matter, there have been no allegations that the Former Trustee engaged in the type of egregious conduct outlined in the cases above which resulted in denial of all fees. The Former Trustee has not been accused of self-dealing, fraud, embezzlement or making false statements to the court. The above-cited cases are simply not on point with the facts of this matter.

█ USB's Objection[2] "concedes that courts typically deny compensation and order disgorgement on intentional breach of fiduciary duty grounds where a bankruptcy trustee or examiner has willfully committed an act of fraud, dishonesty, or defalcation, such as failing to disclose a fee sharing arrangement or a resulting conflict of interest." There have been no such allegations against the Former Trustee in this matter.

The Committee's Objection cites three additional cases[3] in support of the additional argument that willful failure to obey court orders requires denial of fees as a matter of law. In *In re Unclaimed Freight of Monroe, Inc.,* 244 B.R. 358 (Bankr.W.D.La.1999) the Court denied all fees to the trustee based upon her egregious conduct and held her in civil contempt. The United States Trustee sought removal of the trustee after it was determined that she had altered a court order to indicate that the relief she sought had been granted, whereas in fact it had been denied. The trustee, Ms. Hill, then served it on interested parties. It was noted that this was not the first time Ms. Hill had been admonished for using "white out". The subsequent Order of Removal required turnover of all case files and estate funds to the successor trustee, however Ms. Hill did not fully comply. In the meantime, Ms. Hill filed applications for fees in cases in which she had previously served as trustee. The applications made reference to specific pleadings which the successor trustee determined were not contained in the files that had been turned over. Ms. Hill testified under oath that the records had been destroyed. The

---

**2.** USB requests additional time for the creditors to conduct discovery with respect to the reasonableness of the Former Trustee's fees. The Court finds that there has been more than ample time to conduct discovery given that the Former Trustee's final fee application was filed nearly four months ago, and that the Former Trustee's application for holdbacks has been pending since late 2002. Moreover,

the May 6, 2004 hearing was continued until June 16, 2004 in order for the creditors to conduct additional discovery. USB's request for additional time to conduct discovery is denied.

**3.** USB and BNY's Objections also discuss these cases.

242

court then directed the U.S. Marshal, the Assistant U.S. Trustee, and the successor trustee to accompany Ms. Hill to her office to collect any items covered by the Turnover Order. Not only were the missing records recovered, funds that should have been turned over to the successor trustee were also located. The court denied all compensation to Ms. Hill noting that in addition to her failing to comply with court orders, the "final and most compelling reason for the denial of all compensation, relates to this former trustee's conduct ... her egregious conduct warrants the denial of all compensation." *Id.* at 369. The court further noted that "[w]here a trustee or attorney to a trustee misrepresents facts to the court with the knowledge of their falsity and intent to deceive, courts have repeatedly denied compensation. (Citations omitted). Because fraud on the court and estate is misconduct of the highest order, courts have denied all compensation despite benefits to the estate." *Id.* In the matter before the court, there have been no allegations that the Former Trustee perpetrated a fraud on the court by misrepresenting facts to the court with knowledge of their falsity and intent to deceive.

In *In re Pigs Are Beautiful, Inc.*, 72 B.R. 874 (Bankr.N.D.Ohio 1987), the trustee was denied compensation for failing to comply with the court's order to distribute funds to creditors. The Court noted that the trustee "received his monies while obstructing disposition of creditors' funds.... [I]t is obvious that [the trustee's] primary concern was for his check. Such interest warrants forfeiture of his compensation." *Id.* at 879. The court also found that the trustee had "willfully and deliberately, and for his own personal gain, failed to disclose" to the court and a creditor bank an IRS problem that required resolution prior to distribution. *Id.* at 880. The trustee's failure to make the disclosure

resulted in prejudice to the creditors. The trustee was later removed as a result of his conviction for embezzlement and perjury in another case. Upon his removal as trustee, he failed to comply with an order to turnover to his successor all estate funds and records from fifty other bankruptcy cases. In the matter before this Court, there have been no allegations that the Former Trustee willfully and deliberately took any action for his own personal gain while obstructing distributions to creditors, nor has he been accused of any criminal wrongdoing as was the trustee in *In re Pigs Are Beautiful, Inc. Id.*

Finally the Committee cites *In re George Schumann Tire and Battery Co., Inc.*, 145 B.R. 104 (Bankr.M.D.Fla.1992)in support of the argument that failure to obey court orders requires denial of fees as a matter of law. In *Schumann,* the trustee had been ordered to pay dividends to creditors for allowed claims and to refund surplus funds of $275,000 to the debtor. Although the trustee paid the creditors, he failed to turnover the surplus to the debtor. In addition, he failed to comply with a second order directing turnover of funds. Judge Paskay noted that the "record is totally devoid of any evidence which furnishes any justifiable reason for [the trustee's] failure to obey these orders and to turn over the funds, and was a clear and willful, knowing violation of several lawful orders of the Court. The failure to tender the surplus funds to the Debtor not only prevented the expeditious closing of the estate, but also deprived the debtor of funds to which it was clearly entitled. *It is important to note that [the trustee] himself is a practicing attorney, and that the fact that his failure to comply with these orders was based on advice of counsel cannot be accepted as a valid excuse."* *Id.* at 108(emphasis added). The court awarded judgment in favor of the debtor based

on the trustee's breach of fiduciary duty because the debtor had suffered damages. *Id.* This Court notes that unlike the trustee in *Schumann,* the Former Trustee in this matter is not a practicing attorney, a fact found to be of particular importance by Judge Paskay in the *Schumann* case. Furthermore, this Court has determined by its *Order Denying Objector's Motion to Strike Portions of Mediation Statements and to Exclude Evidence at June 16th Hearing Based on Doctrines of Law of the Case and Collateral Estoppel* entered contemporaneously herewith, that the Former Trustee may testify regarding his reliance on advice of counsel insofar as it relates to the findings against him in his capacity as trustee for willful misconduct for violating the discovery orders in the Consolidated Litigation. In this matter the issue of the Former Trustee's purported reliance on advice of counsel on the willful misconduct findings and its impact on his entitlement to fees remains to be determined.

In considering an appropriate fee for a trustee, the Court is required to determine "reasonable compensation" by "taking into account all relevant factors," 11 U.S.C. § 330(a)(3). The Court notes that in all the cases cited in the Objections the decisions were based upon the specific facts of each matter and each case involved an exercise of the court's discretion.

▉ The Court finds no support in the cited cases for the proposition urged by the Objections that denial of all fees is required as a matter of law based upon the findings of willful misconduct made against the Former Trustee in his representative capacity in the Consolidated Litigation. Moreover, none of these cases involve a request to award fees to a former trustee pursuant to a settlement that the incumbent trustee moves the court to approve as fair, adequate, reasonable, and in the best interests of the Estate, as requested in

this matter. The Court does not find that as a matter of law, the Former Trustee must be denied fees for his services to the estate.

Indeed, even where courts have found that a trustee engaged in some sanctionable conduct, they have recognized the court's inherent equitable authority to impose appropriate consequences short of a complete denial of compensation.

In *In re Granite Partners, L.P.,* 219 B.R. 22 (Bankr.S.D.N.Y.1998), the court found that the trustee had made a "willful failure to disclose" potentially disqualifying conflicts when he retained attorneys. *Id.* at 45. Nevertheless, the court recognized the importance of exercising discretion in considering fee awards:

> Before imposing a sanction, the court may consider the value of services performed and the degree of harm or prejudice to the estate from the conflicted representation or employment. ... Where the professional has performed some service of unquestioned value, total denial of fees might result in an inequitable windfall to the estate.... The Court must consider sanction issues on a case-by-case basis, and reach an equitable result in accordance with the circumstances that are presented to it. *Id.* at 41–42.

▉ The Objections argue that it is improper for the Court to consider the Brandt Settlement Motion because based upon the findings of willful misconduct against the Former Trustee and his counsel, the Court may not award any fees to the Former Trustee as a matter of law. The Court does not agree. Courts determine reasonable fees by taking into account all relevant factors. 11 U.S.C. § 330(a)(3). By definition this requires an assessment of the specific facts of the case and the totality of the circumstances surrounding those facts.

244

It is the duty of this Court to make an independent and informed judgment as to whether the proposed settlement between the estate and the Former Trustee is fair and equitable, and in the best interests of the estate. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). That is precisely what the Court intends to do.

### *ORDER*

The Court having reviewed the Motion, the Objections, the applicable law and being otherwise fully advised in the premises, hereby:

**ORDERS AND ADJUDGES** that the Objections are **OVERRULED** insofar as they object to an award of any fees to the Former Trustee as a matter of law based upon the findings of willful misconduct in the Consolidated Litigation.