**In re MOBERG TRUCKING, INC., Debtor.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,**

**v.**

**MOBERG TRUCKING, INC., and Dennis Burman, Chapter 7 Trustee, Appellee.**

**BAP No. WW–88–1876–MoJMe.**

**Bankruptcy No. 82–03887–Y7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 16, 1989.

Decided March 30, 1990.

Thomas Moore, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

Dennis Lee Burman, Carey & Burman, Arlington, Wash., for appellee.

Before MOOREMAN, JONES and MEYERS, Bankruptcy Judges.

OPINION

JONES, Bankruptcy Judge:

This appeal arises from an order denying the United States' Motion to Set Aside Sale conducted pursuant to 11 U.S.C. § 363(b)(1). We determine that the appeal is interlocutory and, accordingly, dismiss it.

FACTS

Moberg Trucking, Inc., ("Debtor"), filed a voluntary Chapter 7 petition on December 23, 1982. On March 30, 1988, and pursuant to § 363(b)(1)[1], the trustee sought an Application for Public Sale by

---

**1.** 11 U.S.C. § 363(b)(1) (1985) provides:

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

Sealed Bid of the estate's one-half undivided interest in certain real property. Notice of the sale was given to all creditors listed on the mailing matrix and evidenced by an Affidavit of Mailing.[2] The property was then sold to a third party by Order of Sale dated May 18, 1988, and specifically provided that all liens and encumbrances would attach to the proceeds from the sale.

Upon receiving the trustee's motion to disburse a portion of the sale proceeds, the Appellant filed an "objection to disbursal" and subsequently a Motion to Set Aside Sale of the Property. After a consolidated hearing on both motions, the bankruptcy court entered an order denying the Appellant's motion to set aside the sale "without prejudice to the commencement of an adversary proceeding" wherein all parties in interest could be joined. The bankruptcy court additionally found that the successful bidder was an innocent and good faith purchaser for value, who took the property free and clear of liens. The bankruptcy court specifically declared that no finding was made as to the receipt of notice of the sale, or lack thereof, by the Appellant.

## DISCUSSION

It appears that the initial issue before this Panel is to what extent the instant appeal is interlocutory. The Ninth Circuit and this Panel have adopted the recognized notion that a "final decision" is one which " 'finally determines the rights of parties to secure in that suit the relief they seek.' " *E.g., In re Peaches Records and Tapes, Inc.*, 51 B.R. 583, 587 (9th Cir. BAP 1985) (quoting *In re Merle's Inc.*, 481 F.2d 1016 (9th Cir.1973)).

■ In the instant case, the Appellant sought to set aside the sale of the subject property contending that it had not received notice of the sale and that the sale

was therefore void. The bankruptcy court specifically held that in order to obtain such relief, it was necessary for the Appellant to commence an adversary proceeding wherein all parties in interest could be joined, in particular, the third-party purchaser. Accordingly, the bankruptcy court denied the Appellant's motion *without prejudice* to the commencement of an adversary proceeding and *specifically refused to make a finding as to whether such notice was actually received* by the Appellant. Thus, the issue of whether the underlying sale of property was "void" and subject to being set aside by the Appellant has not been finally determined. Additionally, the issue of whether notice was received by the Appellant is clearly a factual issue which must be determined by the bankruptcy court and is more appropriately addressed in an adversary proceeding "to determine the extent of [the appellant's] lien," if any. *See* Bankruptcy Rule 7001(2). Accordingly, the order from which the Appellant now seeks review does not " 'finally determine the rights of [the appellant] to secure in that suit the relief [it] seeks.' " *In re Peaches Records*, 51 B.R. at 587.

■ The Panel notes that the Appellee contends that this entire appeal is moot pursuant to § 363(m), because of the Appellant's failure to obtain a stay pending appeal.[3] Standing alone, § 363(m) would appear to support this argument. However, § 363(m) requires that the sale be authorized "under subsection (b)." Subsection (b) specifically requires a "notice and hearing." Thus, § 363(m) mootness is not applicable when the Appellant seeks to attack the § 363 sale of estate property on the grounds of improper notice. *See In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448–49 (9th Cir.1985) (cash collateral order was void where improper notice given to junior secured party); *In re Blumer*, 66

2. The mailing matrix specifically listed the Department of Justice, the United States Attorney, the Internal Revenue Service (Special Procedures), and the Internal Revenue Service District Counsel.

3. 11 U.S.C. § 363(m) (1985) provides as follows:
The reversal or modification on appeal of an authorization under subsection (b) or (c)

of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

B.R. 109, 113 (9th Cir. BAP 1986) (concluding order authorizing loan pursuant to § 364 was not moot when improper notice alleged), *aff'd* 826 F.2d 1069 (9th Cir.1987) (Table).

Based on the forgoing, we dismiss this appeal as interlocutory.

MOOREMAN, Bankruptcy Judge, dissenting:

I am unable to join the majority's disposition of this case holding that this appeal is interlocutory, and would under the facts and ruling find that the appeal was not interlocutory and that the trial court below erred in not determining the issue of whether proper notice was given.

Appellant argues that without a finding that the required notice of § 363(b)(1) was given, the bankruptcy court was without jurisdiction to rule that the successful buyer was a "good faith purchaser who purchased free and clear."

In addressing whether a sale pursuant to § 363(b)(2) was proper, it is generally recognized that the essential issues for determination are: 1) a good business purpose, 2) accurate and reasonable note, 3) an adequate price and 4) the presence of good faith. *E.g., In re Copy Crafters Quickprint, Inc.,* 92 B.R. 973 (Bankr.N.D.N.Y. 1988). *See also In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143, 147–50 (3rd Cir.1986).

As set forth in the majority's Opinion, the bankruptcy court limited its ruling to the issue of whether the successful buyer had purchased the property in good faith and for "reasonable" value.[4]

However, as noted above, the issue of proper notice is a *necessary* requirement for allowing a sale pursuant to § 363(b)(1). The Appellant's Motion to Set Aside Sale was equivalent to a Rule 60(b)(4) motion to set aside a judgment as void and, therefor, the bankruptcy court should have ruled on the factual issue of whether proper notice had been actually received by the Appellant. *See In re Center Wholesale, Inc.,* 759 F.2d 1440, 1448 (9th Cir.1985). Without such notice, the sale is void and is subject to being set aside by the Appellant. *Id.* at 1451.

It is true that if the sale is void it will affect the rights of others, particularly the buyer. But these third parties will add little to the determination of whether or not proper notice was sent to the Internal Revenue Service and thus an adversary proceeding is not necessary to make this determination. Thus the trial court erred in not determining whether or not proper notice was given. Without such notice, the order granting the sale is void.

Based on the foregoing, the bankruptcy court's order denying Appellant's motion to set aside sale of property should be reversed and remanded for a specific finding as to whether the Appellant received proper notice of the § 363 sale of estate property, and thus I respectfully dissent.

---

**4.** The Appellant does not allege that the sale of the subject property lacked a good business purpose.