In re FINANCIAL CORPORATION
OF AMERICA, Debtor.

Marcy J. TIFFANY, Appellant,

v.

David A. GILL, Chapter
11 Trustee, Appellee.

No. 90–55922.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1991.

Decided Oct. 7, 1991.

Thomas Patrick Tinker, Washington, D.C., for appellant.

Richard K. Diamond, Danning, Gill, Gould, Diamond & Spector, Los Angeles, Cal., for appellee.

Before NORRIS and THOMPSON, Circuit Judges, and KING, District Judge.*

PER CURIAM:

This appeal involves an objection to a Chapter 11 trustee's final application for compensation. Subject matter jurisdiction lies under 28 U.S.C. § 158(d). *In re Stanton*, 766 F.2d 1283, 1288 (9th Cir.1985).

■ A Chapter 11 trustee turned over assets to himself as successor Chapter 7

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

trustee and requested compensation that required inclusion of the value of the assets turned over to himself in order not to exceed the statutory maximum. The Bankruptcy Appellate Panel held:

> The trial court had the discretionary authority to award to the Chapter 11 trustee reasonable compensation based on the Section 330(a) criteria of "the nature, the extent, and the value of [his] services, the time spent to such services, and the cost of comparable services." In a case that is converted to Chapter 7, the fees to be awarded to the two trustees are independent and the funds turned over to the Chapter 7 trustee are counted in calculating the Section 326(a) maximum on the Chapter 11 trustee's compensation.

> However, the trial court retains discretion to set the Chapter 7 or the Chapter 11 trustee's fees, subject to the statutory maximum amounts. In the instant case, for example, if the trial court determines that the value of the Chapter 7 trustee's services has been limited, the trial court may reduce that award and thus avoid any inappropriate "double-dipping." *In re Fin. Corp. of America*, 114 B.R. 221 (9th Cir. BAP 1990) at 226.

We adopt the reasoning and conclusions of the Bankruptcy Appellate Panel and affirm the BAP decision and remand this case to the BAP for remand to the bankruptcy court to permit the bankruptcy court to consider the criteria set forth in Section 330(a) of the Bankruptcy Code in setting the Chapter 11 trustee's fee.

BAP AFFIRMED. Case REMANDED.