In re TRAVEL HEADQUARTERS, INC.
and Sonoma Rental Center and
Equipment Co., Debtors.

Jeffry G. LOCKE, Chapter 7 Trustee
for the Estate of Charles Duck,
Appellant,

v.

Edward M. WALSH, Chapter 7 Trustee
for the Estate of Travel Headquarters,
Inc., et al., Appellee.

BAP Nos. NC–90–2208–MePeR, NC–91–
1033–MePeR, NC–91–1130–MePeR
and NC–91–1151–MePeR.
Bankruptcy Nos. 4–82–01822–
WD, 3–89–01801–WLK.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Jan. 21, 1992.

Decided April 27, 1992.

Thomas M. Kim, San Francisco, Cal., for Jeffry G. Locke.

Thomas C. Holman, San Francisco, Cal., Philip M. Arnot, Eureka, Cal., for Edward Walsh, Trustee.

Patricia Cutler, San Francisco, Cal., for U.S. Trustee.

Before MEYERS, PERRIS and RUSSELL, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

## I

Jeffry G. Locke ("Locke"), the Chapter 7 trustee for the estate of Charles Duck ("Duck"), appeals from the bankruptcy courts' orders granting trustee's fees and costs to Edward M. Walsh ("Walsh") and denying trustee's fees and costs to the estate of Duck.

## II

### FACTS

Charles Duck previously served as the Chapter 7 trustee for the bankruptcy estates of Travel Headquarters, Inc. ("Travel Headquarters") and Sonoma Rental Center and Equipment Co. ("Sonoma"). In the course of the bankruptcy proceedings, Duck resigned as trustee from the Travel Headquarters and Sonoma bankruptcies and Walsh was appointed in his place. On December 22, 1989, an involuntary Chapter 7 petition was filed against Duck.

In connection with the Travel Headquarters and Sonoma bankruptcies, Walsh requested compensation for his trustee's fees and costs. Locke objected and filed fee applications seeking compensation for Duck's fees and costs. In the *Travel Headquarters* case, the bankruptcy court, Bankruptcy Judge Randall J. Newsome presiding, granted Walsh's fee application and denied Locke's fee application. Similarly, in the *Sonoma Rental Center* case, Chief Bankruptcy Judge Lloyd King granted Walsh's fee request and denied Locke's fee request. Locke appeals from each of the orders.

## III

### STANDARD OF REVIEW

The reviewing court will not disturb a bankruptcy court's award of fees absent a finding that the court abused its discretion or erroneously applied the law. *In re Riverside–Linden Inv. Co.*, 945 F.2d 320, 322 (9th Cir.1991); *In re Financial Corp. of America*, 114 B.R. 221, 223 (9th Cir.BAP 1990), *aff'd*, 946 F.2d 689 (9th Cir.1991). In order to reverse a decision, the reviewing court must have a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached. *In re Air Beds, Inc.*, 92 B.R. 419, 422 (9th Cir.BAP 1988); *In re Tong Seae (U.S.A.), Inc.*, 81 B.R. 593, 597 (9th Cir. BAP 1988).

## IV

### DISCUSSION

In order to receive compensation for services rendered and reimbursement of expenses, the trustee must file an application with the court. Fed.R.Bankr.P. 2016(a). Because the trustee has the burden of establishing that he or she is entitled to the fees requested, the application requires sufficiently detailed records of the time spent and the matters addressed. *Matter of Poole, McGonigle & Dick, Inc.,*

796 F.2d 318, 324 (9th Cir.1986); *In re Coastal Equities, Inc.*, 39 B.R. 304, 311 (S.Cal.1984). The court may then determine, in its own discretion, whether the fees are reasonable, actual and necessary. *Unsecured Creditors' Comm. v. Puget Sound Plywood*, 924 F.2d 955, 957 (9th Cir.1991); *Southwestern Media, Inc. v. Rau*, 708 F.2d 419, 422 (9th Cir.1983). In proper cases, the bankruptcy court may exercise its discretion to decrease or disallow fees where time records are not kept. *Southwestern Media, Inc., supra*, 708 F.2d at 427 n. 11.

■ In both of his fee applications, Locke acknowledged that he did not have any records regarding Duck's services in the Travel Headquarters and Sonoma bankruptcies. Because Locke's fee applications lacked sufficient detail of the services rendered by Duck, the courts were well within their discretion in denying fees to Duck's estate.

■ Furthermore, Locke cites no authority for the proposition that a predecessor trustee is entitled to fees and costs, even if he is removed or resigns from the position of Chapter 7 trustee before the case is closed. Locke simply asserts that the award of all fees to Walsh is inequitable because Duck was responsible for collecting substantially all of the assets for the Travel Headquarters and Sonoma estates and there has been no evidence of defalcation by Duck in these particular cases.

It is undisputed that Duck was responsible for collecting a substantial portion of the assets for the Travel Headquarters and Sonoma bankruptcy estates. Pursuant to Section 704 of the Bankruptcy Code ("Code"), a Chapter 7 trustee is required to collect and reduce to money the property of the estate and to close the estate as expeditiously as is compatible with the best interests of the parties in interest. 11 U.S.C. § 704(1). As Chapter 7 trustee, Duck fulfilled his duties to collect and reduce to money the property of each of the estates. Due to his subsequent resignation, however, Duck did not fulfill the Chapter 7 trustee's duties to close the estates. This burden fell on Walsh, the successor Chapter 7 trustee.

It appears from the record that both bankruptcy judges based their decisions to award all fees to Walsh not on any of Duck's deficiencies, but simply on the burdens placed upon Walsh after Duck resigned. The courts recognized that Duck conferred a benefit to the bankruptcy estates by collecting assets. However, because of the difficulties in completing the administration of the estates, the courts determined that the services of Walsh should be fully compensated within the limits of the Code. Based on these factors, the bankruptcy courts acted well within their discretion in denying Locke's fee requests.

Finally, Locke argues that the bankruptcy courts lacked sufficient evidence to award fees to Walsh. Locke asserts that Walsh failed to produce any documentary evidence which demonstrates that Walsh expended extraordinary amounts of time rendering actual and necessary services to either the Travel Headquarters or Sonoma estates. In opposition to Walsh's fee application, however, Locke failed to object to the amount of fees claimed by Walsh.

■ It is well recognized that in most circumstances the reviewing court will refuse to consider an issue not raised before the trial court. *U.S. v. Bigman*, 906 F.2d 392, 395 (9th Cir.1990); *In re Northern California Homes and Gardens, Inc.*, 92 B.R. 410, 413–14 (9th Cir.BAP 1988). Although in some circumstances the reviewing court may exercise its discretion to review an issue for the first time on appeal, the issue raised by Locke should not be accorded an exception to the general rule. *See U.S. v. Kimball*, 896 F.2d 1218, 1219 (9th Cir.1990).

In determining that the services rendered by Walsh were reasonable, actual and necessary, the bankruptcy courts noted that Walsh's claimed fees exceeded the statutory maximum permitted under the Code. Accordingly, the courts were well within their discretion in awarding the entire amount of available trustee's fees to Walsh.

Nor did the courts abuse their discretion in granting Walsh's request for expenses and denying expenses to Locke. Locke stated, both in his pleadings and at trial, that he had picked an arbitrary number, one percent of the receipts, as the amount of expenses incurred by Duck. He admitted that he was unable to substantiate the expenses with any evidence. Since Locke's requests for expenses were unsupported by any evidence, the courts properly acted within their discretion in denying Locke's request.

## V

### CONCLUSION

The bankruptcy courts' orders granting trustee's fees and costs to Walsh and denying trustee's fees and costs to Locke are AFFIRMED.