**In re CHARTER OAK SECURITY AGENCY, INC., Debtor.**

**Bankruptcy No. 2–86–00114.**

United States Bankruptcy Court, D. Connecticut.

Oct. 11, 1994.

Patricia Beary, Asst. U.S. Trustee, New Haven, CT.

Anthony S. Novak, Trustee, Chorches & Novak, P.C., Wethesfield, CT.

Lawrence G. Rosenthal, Wolf, Horowitz & Thayer, Hartford, CT, for movant Seaboard Sur. Co.

### RULING ON MOTION FOR PAYMENT OF ADMINISTRATIVE CLAIM

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

Seaboard Security Company (Seaboard) filed a motion on May 2, 1994 for payment to it of an administrative claim in the amount of $8,416.30, a sum allegedly due Thomas M. Germain (Germain), the original trustee appointed in the Chapter 7 case of Charter Oak Security Agency, Inc. (the debtor). Seaboard's asserted entitlement to such payment is based upon Seaboard's claimed equitable right of subrogation as the entity which furnished a fiduciary bond for Germain as trustee in a different Chapter 7 case. Seaboard has paid the sum of $155,432.20 to the other estate, representing Germain's defalcation of monies while trustee. The Office of the United States Trustee (UST) and Anthony S. Novak, Esq. (Novak), the current trustee of the debtor's estate, oppose Seaboard's motion, primarily contending that Seaboard may not recover as subrogee because Germain is not entitled to any payment.

### II.

### BACKGROUND

Germain, a former member of the panel of private trustees which the UST established

to serve in Chapter 7 cases in this district, was removed from all cases in which he was then serving as a trustee by order of this court on December 8, 1992. On January 3, 1994, after pleading guilty to a charge of "Embezzlement by a Bankruptcy Trustee," Germain was sentenced by the United States District Court for the District of Connecticut to be imprisoned for a term of 27 months. The sentencing judgment further required Germain to make restitution amounting to $822,756.94 to the "Bankrupt [sic] estates from which the funds were embezzled."

Germain had obtained a surety bond or bonds from Seaboard covering his services in all bankruptcy cases where he qualified and was appointed as trustee. As a condition of furnishing such bonds, Seaboard required, and Germain executed, a "General Agreement of Indemnity" under which Seaboard now claims an equitable right of subrogation to all interests of Germain, to the extent of sums paid by Seaboard as surety under the bonds. Seaboard also claims a subrogation right pursuant to the District Court judgment entered on January 3, 1994.

The UST, upon Germain's removal, appointed two trustees to succeed Germain in the unclosed Chapter 7 cases. The UST, on September 9, 1994, appointed Novak as successor trustee in the debtor's case. Approximately three months prior to Germain's removal as trustee, he had filed in the debtor's case his "Trustee's Final Report, Accounting and Application for Compensation" (Final Report) with the UST in which Germain requested a trustee's commission of $3,287.33 and fees of $5,128.97 for services as attorney for the trustee. The Final Report showed a balance of $95,997.37 in estate funds on deposit in a local bank. The court had not scheduled a hearing on the Final Report prior to Germain's removal.

The trustees in the cases formerly administered by Germain have asserted numerous claims against Seaboard as principal on the surety bonds it issued. On March 3, 1994, Seaboard paid to Novak, as trustee of the Chapter 7 estate of *In re Francisco*, the sum

of $155,432.20, representing Germain's defalcation of estate funds while trustee. Seaboard contends that having paid Germain's obligation in the *Francisco* case, it is equitably subrogated to Germain's right to receive the compensation owed him in the debtor's case.[1] Seaboard further asserts that its motion for payment should "be granted as a matter of equity because it prevents the unjust enrichment of this bankruptcy estate." (Seaboard brief at 2).

The court held hearings on Seaboard's motion on June 3 and July 7, 1994. Seaboard secured Germain's appearance and he testified to the trustee work he had done in the debtor's case and his belief that he was entitled to a trustee's commission of $3,287.32 and a fee as attorney for the trustee in the amount of $5,128.97. He estimated that at the time the court ordered his removal, he was trustee in some 200 pending cases. Germain conceded that he had unlawfully taken $1,500 from the debtor's estate for his personal use, but that the District Court's judgment requiring restitution did not include such amount because he had replaced the $1,500 prior to the submission of the Final Report. The $1,500 constituted the proceeds of the debtor's motor vehicle which Germain caused to be sold at auction. Germain further conceded that he had issued to himself two debtor's estate checks, without court authority—one, in the amount of $158.03 and the other, in the amount of $261.80—purportedly to reimburse himself for expenses.

Novak testified that as successor trustee, he has had to review "every single piece of paper" in the debtor's estate to ascertain, *inter alia*, if there were unaccounted-for assets. Novak stated that as successor trustee in some 100 cases formerly administered by Germain, he found the debtor's files, as with all other case files, to be in "great disarray." The debtor's papers were mixed in with papers of other files which Novak had to sort out. He estimated he spent 12 hours simply to reconstruct the debtor's file and, thereafter, additional hours to determine if there were avoidance actions to be commenced,

---

1. Seaboard, in its brief, relies primarily on the holdings in *In re Elizalde's Estate,* 182 Cal. 427, 188 P. 560 (1920); *San Diego County v. Croghan,* 2 Cal.App.2d 494, 38 P.2d 474 (1934); and *Commonwealth v. Gould,* 118 Mass. 300 (1875).

and to consider the effect of the limitation periods imposed by the Bankruptcy Code. While his work was not complete, Novak testified that he would be submitting an application for a full trustee's commission in the debtor's case, in addition to an application for services as an attorney for the trustee.

Richard H. Spangler, a senior regional bankruptcy analyst for the UST, testified that he was in charge of a team which, from May through July 1993, sought to reconstruct all of the Germain cases to determine the extent of Germain's diversion of bankruptcy estate funds that were never repaid. He testified that the team had uncovered the $1,500 diversion by Germain of the debtor's funds. He later concluded that Germain probably had returned such monies to the debtor's estate, although Spangler did not identify the source of the returned $1,500.

### III.

■ Seaboard's subrogation rights, assuming their existence, are unavailing in this proceeding. Germain's misconduct during the debtor's case disqualifies him from receiving any compensation. Because Germain is entitled to receive nothing, Seaboard, likewise, is entitled to receive nothing. All compensation due a trustee under the Bankruptcy Code is permissive,[2] and "fraud on the court and estate is misconduct of the highest order," warranting denial of all compensation, notwithstanding benefits to the estate. *In re Evangeline Refining Co.*, 890 F.2d 1312, 1323–24 (5th Cir.1989); *In re Endeco*, 675 F.2d 166, 167 (8th Cir.1982). *See also In re Futuronics Corp.*, 655 F.2d 463, 470–71 (2d Cir.1981) (failure to deny all fees is an abuse of discretion where attorneys "flagrantly breached their fiduciary obligations to the bankruptcy court"); *In re Travel Headquarters, Inc.*, 140 B.R. 260, 262 (9th Cir. BAP 1992) (bankruptcy courts have discretion to deny fees to predecessor trustee and award fees to successor trustee, notwith-

standing some benefit conferred to estate by predecessor trustee, where successor trustee had burden to close case); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 844 (Bankr. C.D.Cal.1991) ("Violations of the Code or professional ethics or breaches of fiduciary duty can give rise to the reduction, denial or forfeiture of compensation or other sanctions.").

Seaboard argues that its motion should be granted even if Germain would not be entitled to compensation. The law of subrogation is to the contrary:

> A fiduciary's surety will generally be subrogated to such rights as the principal has to obtain reimbursement, and to his claim for compensation from the estate; but if, because of misappropriations, the principal is barred from claiming reimbursement from the estate, the surety is likewise barred.

83 C.J.S. Subrogation § 60(b) (1953).

■ The court further notes that even if Germain had not diverted estate monies in this case, it is questionable whether, in light of the substantial additional work imposed on the successor trustee to reconstruct and audit files previously under Germain's control, and taking into account the delay thereby caused creditors in receiving dividends, the court would allow a motion similar to that under consideration. Germain's wrongdoing has apparently tainted all of his files, thereby requiring extensive scrutinization of his activities in each case and negating the value of services he may have provided. The bankruptcy estate, therefore, is not unjustly enriched by denial of Seaboard's motion. *In re Travel Headquarters, Inc.*, 140 B.R. at 262.

### IV.

#### CONCLUSION

Seaboard's arguments are not found persuasive. The authorities it has cited did not

---

**2.** *See In re Derryberry*, 72 B.R. 874, 878 (Bankr. N.D.Ohio 1987) (stating that bankruptcy provisions for compensation to a trustee are "permissive rather than mandatory"). A trustee's entitlement to compensation is governed by Bankruptcy Code §§ 326 and 330. Section 326(a) provides that "[i]n a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services...." 11 U.S.C. § 326(a). Section 330(a) provides that "[t]he court may award to a trustee ... reasonable compensation for actual, necessary services rendered by such trustee...." 11 U.S.C. § 330(a)(1).

arise in a bankruptcy context and are thus of limited value in the present dispute. Seaboard's motion for payment of the administrative claim must be, and hereby is, denied. It is

SO ORDERED.