In re RODERICK TIMBER
COMPANY, Debtor.

Philip and Sonja RODERICK, Appellants,

v.

Steven R. LEVY, Chapter
7 Trustee, Appellee.

BAP No. WW–94–1549–MeOHa.
Bankruptcy No. 86–31903 T.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Jan. 19, 1995.

Decided Aug. 7, 1995.

Donald E. Hacker, Jr., Arnold M. Willig, Hacker Matthews, P.S., Seattle, WA, for appellants.

David A. Gebben, Michael B. McCarty, Seattle, WA, for appellee.

Before MEYERS, OLLASON AND HAGAN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The Chapter 7 trustee requested compensation. The appellants objected, arguing that the trustee failed to submit time records to support the request and had already received sufficient compensation for his role as attorney to the trustee in the case. The bankruptcy court allowed most of the fees requested.

We **REVERSE**.

### II

### FACTS

Roderick Timber Company ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code ("Code") in 1986. Steven R. Levy ("Levy"), a member of the law firm of Dolack Hansler, was appointed trustee on August 26, 1986. Levy then obtained an order from the court on September 17, 1986, allowing him to employ Dolack Hansler as counsel for the trustee. On February 6, 1987, the case was converted to Chapter 7 and Levy was appointed Chapter 7 trustee. Dolack Hansler continued to act as counsel for the trustee. Although the record is unclear, it appears that sometime in 1990 Levy opened his own law office and continued to act in the dual role of trustee and attorney to the trustee. Levy requested and received approximately $240,000 for services provided as attorney.

On March 23, 1994, Levy filed a pleading entitled "Notice Of Filing Of Final Report(s) Of Trustee, Of Hearing On Applications For Compensation And Of Hearing On Abandonment Of Property By The Trustee" ("Notice"). The Notice indicated that Levy was seeking compensation as trustee in the amount of $96,114.52. Levy had not previously requested compensation as trustee. Although the Notice stated that applications for compensation had been filed, in fact, Levy had not filed any applications. On this date he also filed his Final Report ("Final Report"). Philip and Sonja Roderick ("Rodericks"), formerly principals of the Debtor, objected to the request for compensation.

A hearing was held on April 14, 1994, during which Levy stated he had not kept time records for time spent in his capacity as trustee. The court directed Levy to file a statement to support his request for fees. The court also continued the hearing concerning two related matters—the sufficiency of the Final Report and the treatment of the claim of the State of Washington, Department of Revenue ("Department of Revenue").

Subsequently, Levy filed a seven page, single-spaced narrative regarding tasks he performed during the case, entitled Application For Compensation By Trustee ("Application"). Levy did not file declarations or any other documents in support of the Application. Levy stated that he had collected $3,197,817.35 as trustee and had made distributions of $1,670,967.82. The Application did not provide any specific breakdown of time spent on particular matters. Rather, Levy simply estimated he had spent a minimum of 1600 hours in providing services as trustee. The Rodericks filed a further objection contending that Levy failed to provide adequate records to support the request and that it was difficult to differentiate between time spent as attorney for the trustee and time as the trustee.

A second hearing was conducted on April 28, 1994. By its order ("Order") entered May 2, 1994, the court awarded Levy compensation of $70,000, with the sum of $10,000 to be held back pending approval of the Final Report. Furthermore, the court ruled that

Levy could seek additional compensation for further disbursements of estate funds. It also approved the proposed distribution to creditors set forth in the Final Report, subject to the setting aside of $150,000 for the payment of the Department of Revenue's claim. A ruling on the Final Report itself was postponed pending resolution of an appeal of the Department of Revenue's claim. The Rodericks took this appeal.

## III

## STANDARD OF REVIEW

■ The Panel will not disturb a bankruptcy court's award of compensation to the trustee absent an abuse of discretion or an erroneous application of the law. *In re Travel Headquarters, Inc.*, 140 B.R. 260, 261 (9th Cir. BAP 1992).

## IV

## DISCUSSION

A. *Leave to Appeal Interlocutory Order Granted*

■ The Panel has jurisdiction to hear appeals of final orders, and, with leave of the Panel, interlocutory appeals. 28 U.S.C. § 158(b). A final order is one that finally determines the rights of the parties in securing the relief they seek in that suit. *In re Moberg Trucking, Inc.*, 112 B.R. 362, 363 (9th Cir. BAP 1990). The Order awarded compensation subject to a $10,000 holdback dependent on approval of the final report. Furthermore, the Order specifically allowed Levy to apply for additional compensation. The Order awarded interim compensation,[1] and consequently, it was interlocutory. *See In re Stewart*, 157 B.R. 893, 895 (9th Cir. BAP 1993).

■ The Rodericks did not move for leave to appeal. However, in their reply brief, they ask the Panel to treat their notice of appeal as such a motion.[2] If an order is

interlocutory, and no motion for leave to appeal has been filed, the Panel can consider a timely notice of appeal to be a motion for leave. Fed.R.Bankr.P. 8003(c); *In re Xebec*, 147 B.R. 518, 522 (9th Cir. BAP 1992).

■ Granting leave to appeal is left to the discretion of the Panel. 28 U.S.C. § 158(b); *In re NSB Film Corp.*, 167 B.R. 176, 180 (9th Cir. BAP 1994). Neither 28 U.S.C. § 158(b), nor Rule 8003, provides any standards for us to apply in determining whether to grant leave to appeal. The Panel, though, has previously stated that it looks to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals. *In re Burke*, 95 B.R. 716, 717 (9th Cir. BAP 1989); *In re Price*, 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd* 871 F.2d 97 (9th Cir.1989). We consider then whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation. *Id.* We also ask whether denying leave will result in wasted litigation and expense. *NSB Film, supra*, 167 B.R. at 180.

■ The issue on appeal concerns the extent to which the trustee must comply with Section 330 and Fed.R.Bankr.P. 2016 in documenting time spent in providing services to the estate. The trial court did not require time records. Levy contends that time records generally have not been required of trustees. However, Section 330 requires the court to consider time spent in considering an award of compensation and Rule 2016 specifically requires the applicant to submit a detailed statement of time expended. We recognize that there may be some conflict in the case law. *See In re Churchfield Management & Inv. Corp.*, 98 B.R. 838, 890–91 (N.Ill.1989). Arguably then, there is a substantial ground for difference of opinion.

---

1. The Order itself states that the "trustee's compensation be set at $70,000 for purposes of this *interim* distribution...." (emphasis supplied).

2. The Rodericks are creditors of the estate. Furthermore, there are sufficient assets to make a

distribution to unsecured creditors. Since the Rodericks are pecuniarily affected by the Order, they have standing to appeal. *Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir.1983).

We also believe that an immediate appeal would materially advance resolution of this bankruptcy case and minimize litigation expenses. The only other matter to be resolved in this case is the Department of Revenue's appeal. Once that is resolved, Levy will be in a position to file a final report. If this appeal were dismissed, it likely would be resurrected in its same form at that time, resulting in wasted resources. Consequently, we believe the closing of the bankruptcy case would be greatly delayed if this appeal were dismissed at this time. The Panel grants leave to appeal. *See In re Xebec, supra,* 147 B.R. at 522.

**B.** *Trustee Must Maintain Time Records*

 Levy has indicated that his fee request was based on a percentage of the disbursements. However, a trustee's fees must be determined pursuant to Section 330.[3] *In re Financial Corp. of America, supra,* 114 B.R. at 224. The statutory maximum in Section 326(a) comes into play only after the court determines a reasonable fee award according to the appropriate criteria. At that point, if a reasonable award would exceed the statutory limits, the trustee's fees must be reduced. *Id.*

The Rodericks argue that Levy should not be allowed any compensation because he failed to submit time records in violation of Rule 2016. Levy asserts that he did not maintain time records as trustee and that such records have not been required of trustees previously.

Under the Bankruptcy Act, Bankruptcy Rule 219 was the primary source of guidelines for awarding compensation upon its adoption in 1973. 2 *Collier On Bankruptcy* ¶ 330.02, p. 330–10 (15th ed. 1995). In pertinent part, Rule 219 directed a court to consider the nature, extent and value of services rendered. Although not specifically stated in the rule, time spent by the trustee was a major factor to be considered by the court in determining reasonable and fair compensation. *Southwestern Media, Inc. v. Rau,* 708 F.2d 419, 426 (9th Cir.1983); *Official Creditors' Committee of Fox Markets, Inc. v. Ely,* 337 F.2d 461, 465 (9th Cir.1964). It has long been the rule in this circuit that trustees have a duty to meticulously maintain accurate records of time expended on behalf of the estate. *Matter of Beverly Crest Convalescent Hospital, Inc.,* 548 F.2d 817, 820 (9th Cir.1976); *York Intern. Building, Inc. v. Chaney,* 527 F.2d 1061, 1069 (9th Cir.1975). When the Code was enacted, Section 330(a) specifically directed courts to consider time spent, as well as the nature, extent and value of services rendered, in evaluating applications for compensation.

Rule 219 also required a person seeking compensation to file an application setting forth a detailed statement of the services rendered and the expenses incurred. Although the Code became effective in 1979, Rule 219 remained in effect until 1983, when new rules were adopted to supplement the Code. Rule 2016, derived in large part from Rule 219, made clear the need for time records. For the first time, the applicable rule specifically required that the detailed statement accompanying the application for compensation set forth the "time expended," as well as the services rendered and the expenses incurred.

 Rule 2016 is clear. An entity seeking compensation must submit a detailed statement of the time expended along with the fee application. The rule became effective years before this case was filed. Levy certainly had adequate notice that he should have been maintaining time records to support any request for compensation as trustee.

---

**3.** We apply Section 330(a) as it read prior to the Bankruptcy Reform Act of 1994, since this case was filed prior to the effective date of the Reform Act. *See In re Loken,* 175 B.R. 56, 63 n. 6 (9th Cir. BAP 1994). However, application of the amendments to Section 330 would not change our analysis. In determining reasonable compensation, courts still must consider time spent. The element of time spent simply has been moved to new subpart (a)(3) and is included among a list of factors to be considered by the court. These additional factors have been developed over time by the courts. *Compare,* Section 330(a)(3) with *In re Financial Corp. of America,* 114 B.R. 221, 223 (9th Cir. BAP 1990), *aff'd* 946 F.2d 689 (9th Cir.1991) (the criteria to be applied includes the time and labor involved; the novelty and difficulty of the questions presented by the case; and the experience, reputation and ability of the professional).

We recognize that under the Act the Ninth Circuit affirmed fee awards despite the fact that the trustees involved failed to maintain time records. *See Southwestern Media Inc. v. Rau, supra,* 708 F.2d at 425–27. Levy contends that the reasoning of *Southwestern Media* should apply in this instance. In that case, the trial court implicitly accepted the trustee's time estimates by awarding all the compensation requested. In affirming, the Court of Appeals stated that, "[i]n *proper cases,* the bankruptcy court could exercise its discretion to decrease or disallow fees where time records are not kept." 708 F.2d at 427 n. 11 (emphasis added). *Southwestern Media* is distinguishable since, as an Act case, neither Section 330 nor Rule 2016 were applicable; instead, the court was applying Rule 219, which did not specifically require time records.[4]

▮▮▮ Even if *Southwestern Media* were applicable, this would not be a "proper case" for merely decreasing a fee award based on a failure to submit time records. Here, Levy was acting both as trustee and as his own counsel. Where the trustee is his own attorney, separate attorney and trustee time records are necessary to distinguish between work to be compensated as an attorney and that to be compensated as trustee. *Cf. Matter of Bosselman,* 125 B.R. 569, 570 (D.Neb.1991) (trustee should keep time records which reflect the allocation of time between trustee and attorney services). *See also In re U.S. Trustee,* 32 F.3d 1370, 1373 (9th Cir.1994) It is the "burden of the trustee-lawyer to separate out trustee work from attorney work in applications for compensation, and to demonstrate under § 330 the 'time spent on such [trustee] services ....'" *Churchfield Management, supra,* 98 B.R. at 892. As the court in *Churchfield Management* pointed out, in this day of computer billing it would not be difficult for an attorney-trustee to keep separate time records for work performed as trustee. 98 B.R. at 891.

▮▮▮ "In order to receive compensation for services rendered and reimbursement of expenses, the trustee must file an application with the court." *Travel Headquarters, supra,* 140 B.R. at 261; Fed. R.Bankr.P. 2016(a). The trustee has the burden of establishing that he or she is entitled to the fees requested. *Id.* at 261. The bankruptcy judge has wide discretion in determining reasonable compensation. *Financial Corp., supra,* 114 B.R. at 224. As the fact finder, the court must evaluate the sufficiency of the evidence provided by the trustee in support of the fee application. Due to the nature of the trustee's responsibilities, the court may determine that the trustee need not keep time records as detailed as those of an attorney. *See, e.g., In re Missionary Baptist Foundation of America,* 77 B.R. 552, 554 (N.Tex.1987) (Where trustee was operating an ongoing business and attempting to reorganize the debtor, it was "not realistic to expect the Trustee to prepare a time slip on each function that he perform[ed] during the day."). However, in every case, "a court should only award fees *to the level* that has been proven to be actual, necessary and reasonable. Any lesser requirement would make the applicant's burden of proof a mere shell." *Matter of Evangeline Refining Co.,* 890 F.2d 1312, 1327 (5th Cir.1989).

▮▮▮ Here, Levy was acting as his own attorney. Predictably, when an objection to his fees was filed it concerned this dual role. In order to allow the trial court to make a proper determination of his entitlement to fees as trustee, Levy needed to provide detailed records of his time spent rendering services as trustee, records which were as detailed as those for his attorney time. This should be true of all cases where a trustee acts as his own attorney. In such cases the trustee should maintain meticulous time records both as attorney and trustee so the court can make a determination of time spent

---

4. We cited to *Southwestern Media* in *Travel Headquarters, supra,* 140 B.R. at 262. In that case though, we stated that the trial courts' decisions appeared to be based on factors other than the lack of time records. Therefore, the statement concerning *Southwestern Media* was *dicta.* Fur-thermore, the fees were disallowed, not merely decreased. Consequently, *Travel Headquarters* cannot be read as holding that the failure to maintain time records may result only in a *decrease* of a fee award.

in those roles and the true benefit to the estate in each role.

The Application demonstrates that Levy performed numerous services on behalf of the estate. However, the Application fails to demonstrate the time expended as required by Rule 2016. Based on this record, the Panel finds the Application inadequate such that interim fees should not have been awarded. The Panel notes that this was only an interim award. Levy may be able to produce time records with a final fee application which the bankruptcy court finds adequate to support an award of fees.

## V

### CONCLUSION

Pursuant to Section 330 and Rule 2016, a trustee is required to maintain some form of time records which adequately demonstrate time expended in performing services on behalf of the estate. Here, the trustee was also acting as his own attorney. Consequently, he should have maintained the same type of detailed time records for each of those roles. The trustee failed to keep any time records. Consequently, his request for interim fees as trustee should have been denied. Therefore, we **REVERSE** the order allowing interim compensation.