FILED

NOT FOR PUBLICATION

NOV 30 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-11-1050-HKiPa |
| | ) | |
| SHANEL ANN STASZ, | ) | Bk. No.   LA 05-43980 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SHANEL ANN STASZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| ROSENDO GONZALEZ, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
on November 17, 2011

Filed - November 30, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Alan M. Ahart, Bankruptcy Judge, Presiding

———————————————

Appearances:     Shanel Stasz, pro se, on brief.
Patrick Kelly McClellan on brief for Rosendo
Gonzalez, Chapter 7 Trustee.

———————————————

Before: HOLLOWELL, KIRSCHER and PAPPAS, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Shanel Stasz (the Debtor) appeals the bankruptcy court's order approving the chapter 7[2] bankruptcy trustee's Final Report, Application for Compensation and Application for Compensation for Professionals (Final Report). We conclude that the Debtor's standing to appeal is tenuous; however, assuming she does have standing, we AFFIRM.

## I. FACTS[3]

On October 13, 2005, the Debtor filed a voluntary petition for relief under chapter 7. Rosendo Gonzales was appointed the bankruptcy trustee (Trustee). In January 2006, the Trustee filed an application to employ Patrick K. McClellan (McClellan) as general bankruptcy counsel to assist him in the investigation, recovery and liquidation of assets. The application was approved on March 1, 2006.

Throughout the Debtor's bankruptcy case, the Debtor challenged the Trustee's efforts to recover and monetize assets

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as enacted and promulgated prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 and Bankruptcy Rules 1001-9036.

[3] Many of the facts recited here were obtained by taking judicial notice of documents filed with the bankruptcy court's electronic docketing system since they were not submitted by the Debtor in the record on appeal. Such documents include the bankruptcy trustee's declaration, which supported the Final Report, his supplemental declaration supporting the Final Report, and his responses to the Debtor's objection to the Final Report. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

of the estate.[4]  On September 21, 2010, the Trustee filed the Final Report.  In the Final Report, the Trustee accounted for $618,639.23 in estate assets that had been reduced to cash and sought approval for the following distributions:

(1) $36,864.58 for his fees and $672.98 for his expenses pursuant to § 326(a);

(2) $325,260.00 in fees and $2,655.19 in expenses for McClellan's work performed throughout the bankruptcy case, pursuant to § 330(a);

(3) $8,815.50 in fees and $102.13 in expenses for work performed by the Trustee's hired accountant;

(4) $4,101.01 to pay the allowed priority claim of the Internal Revenue Service (IRS); and,

(5) a $239,407.84 payment on creditor Hugo W. Quackenbush's nondischargeable unsecured claim of $1,984,778.10.

A declaration to support the requested fees was submitted on September 29, 2010, which described the Trustee's and his counsel's various and protracted efforts in investigating the Debtor's interest in real property, in avoiding and recovering the fraudulent transfer of that interest to a family trust, and

---

[4] Background on salient events and disputes in this bankruptcy case are chronicled in: Stasz v. Gonzales (In re Stasz), 2007 WL 7370101 (9th Cir. BAP Aug. 9, 2007), dismissed, 348 Fed. Appx. 234 (9th Cir. 2009), cert. denied, 131 S.Ct. 209 (2010); Stasz v. Gonzales (In re Stasz), 387 B.R. 271 (9th Cir. BAP 2008); Stasz v. Quakenbush (In re Stasz), 2007 WL 75401964 (9th Cir BAP Feb. 28, 2009), aff'd 352 Fed. Appx. 154 (9th Cir. 2009), cert. denied, 130 S.Ct. 3293 (2010); Stasz v. Gonzales (In re Stasz), 2011 WL 3299162 (9th Cir. BAP Apr. 5, 2011).

-3-

in monetizing the asset for the benefit of the estate. Additionally, McClellan provided his full billing records.

The United States Trustee (UST) filed a limited objection to the Final Report, questioning the benefit to the estate of the fees incurred in the effort to declare the Debtor a vexatious litigant. The Trustee filed a supplemental declaration addressing the issue and the UST made no further objection to the requested fees.

On October 15, 2010, the Debtor requested that the hearing on the Final Report be continued to November 10, 2010. The Debtor then filed, on October 20, 2010, a motion for the disqualification and recusal of the bankruptcy judge under 28 U.S.C. § 455(a), and to set aside all prior rulings, orders and judgments in the case, as well as to disgorge all funds received by the Trustee (Motion to Recuse).

On October 28, 2010, the Debtor filed an opposition to the Final Report, contending that the bankruptcy judge lacked jurisdiction to rule on the Final Report as a result of the Motion to Recuse. Additionally, she contended that McClellan's "fee application [was] telltale of the fraud allowed to occur in the case" and that $62,294.53 of McClellan's fees did not benefit the estate. She alleged that there was no benefit to the estate generally for work related to compelling the Debtor to appear for the Rule 2004 examination, for discussions with the Debtor's homeowner's association regarding her real property, and for work done in connection with declaring her a vexatious litigant. The declaration supporting her opposition consisted of simply

enclosing the Motion to Recuse and McClellan's billing statements with various amounts underlined.

The Motion to Recuse was scheduled to be heard on November 10, 2010, before a different bankruptcy judge; however, that judge declined to rule on the Motion to Recuse based on contacts he previously had with the Debtor. At the hearing on the Final Report the same day, the Trustee stated that he was trying to expedite having the Motion to Recuse heard by a different judge in the district. The bankruptcy court decided to rule on the Final Report in the interim, on the condition that, if the Motion to Recuse were granted, the Final Report would be heard de novo by a new bankruptcy judge. See Hr'g Tr. (Nov. 10, 2010) at 5. The bankruptcy court then approved the Final Report on the basis that the Debtor did not provide any evidence to support her allegations that the fees should be denied.

Another bankruptcy judge in the district subsequently ruled on the Motion to Recuse, denying the Debtor's request on December 28, 2010; the Debtor filed a motion for reconsideration, which was denied on January 14, 2011.[5] After the Motion to Recuse was finally decided, on January 20, 2011, the bankruptcy court entered the order approving the Final Report. The Debtor timely appealed.

---

[5] The Debtor appealed that order to the Bankruptcy Appellate Panel, but the appeal was dismissed for failure to prosecute. The Debtor then appealed the dismissal of the appeal to the Ninth Circuit on July 27, 2011.

-5-

## II. ISSUE

Did the bankruptcy court abuse its discretion in approving the Final Report?

## III. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## IV. STANDARDS OF REVIEW

Our jurisdiction, including the issue of standing, is a question of law that we address de novo. Menk v. Lapaglia (In re Menk), 241 B.R. 896, 903 (9th Cir. BAP 1999).

A bankruptcy court's award of attorneys' fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law. Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 923 (9th Cir. 2002). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc); Ellsworth v. Lifescape Med. Assocs. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

Factual findings made in the course of awarding compensation are not disturbed unless clearly erroneous. See Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.), 229 F.3d 824, 830 (9th Cir. 2000); Rule 8013. A finding is clearly erroneous if it is "illogical, implausible, or without support in the record." Retz v. Samson (In re Retz), 606 F.3d 1189, 1196

(9th Cir. 2010) (citing United States v. Hinkson, 585 F.3d at 1261-62 & n.21)).

<h1 style="text-align:center">V. DISCUSSION</h1>

The Debtor contends that the filing of the Motion to Recuse divested the bankruptcy court of jurisdiction over proceedings in the case. Additionally, she alleges that the Final Report demonstrated an "outrageous violation of § 330 and § 326(a)." Appellant's Opening Brief at 4. We address her arguments below, but first consider whether the Debtor has standing to appeal the bankruptcy court's order approving the Final Report.

**A. Appellate Jurisdiction**

The Ninth Circuit has adopted the "person aggrieved" test for determining whether a party has standing to challenge an order of the bankruptcy court. Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442-43 (9th Cir. 1983). The test limits appellate standing to "those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court." Id.; Sole Survivor Corp. v. Buxbaum, 2009 WL 210471 * 5, 6 (C.D. Cal. 2009). A "person aggrieved" is one whose property is diminished, burdens are increased, or rights are impaired by the order on appeal. Id.; Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir. 1999).

"Ordinarily, a debtor cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy." Id. at 778 n.2. According to the Final Report, the allowed claims in the Debtor's bankruptcy case significantly exceed the funds on hand and the Debtor will not receive any distribution

from the bankruptcy estate.  As a result, the bankruptcy court's order would not diminish her property or detrimentally affect her rights.

However, if we were to reverse the bankruptcy court's order approving the Final Report and a subsequent hearing resulted in a potential reduction of the trustee's fees, there could be a resulting increase in distribution to creditor Quakenbush and reduction in the Debtor's liability on that nondischargeable debt.  Therefore, the Debtor's burden could be increased, providing her sufficient standing to appeal.

On the other hand, it is speculation that the bankruptcy court would, upon reversal and remand, find a factual basis to reduce the Trustee's or McClellan's fees.  Thus, the Debtor's standing to appeal the order approving the Final Report is tenuous at best.  In any event, we address the merits below, and conclude that the bankruptcy court did not abuse its discretion in approving the Final Report.

**B.    Bankruptcy Court Jurisdiction**

The Debtor opposed the Final Report because she asserted that the pendency of the unresolved Motion to Recuse divested the bankruptcy court of jurisdiction in the case.  The Debtor asserted that the Motion to Recuse:

> establishes that Judge Ahart's actual bias violated Due Process and he has no jurisdiction over this bankruptcy proceeding and that all of his prior rulings, orders or judgments are void ab initio and that all assets held by the Trustee . . . must be returned to the Trusts that they were illegally taken from.

The Debtor provided no legal authority for her assertion. On appeal, the only argument the Debtor submits is that Fed. R.

Civ. P. 62(a) provided a 14-day stay of orders and judgments and therefore, the bankruptcy court's order approving the Final Report was improperly entered before the stay period dissolved.

Neither of the Debtor's arguments have merit. First, 28 U.S.C. § 455 governs the disqualification of bankruptcy judges for reasons of bias or when a judge's impartiality may reasonably be questioned. There is no provision in 28 U.S.C. § 455 that requires the disqualification of the judge upon presentation of a motion to recuse.

We note that under limited circumstances, pursuant to 28 U.S.C. § 144, a <u>district court</u> judge may be disqualified upon the presentation of a timely and properly filed motion and affidavit that the judge assigned to a case has demonstrated personal bias or prejudice. 28 U.S.C. § 144. That section requires that proceedings cease until another judge is assigned. However, 28 U.S.C. § 144 does <u>not</u> apply to bankruptcy judges. <u>Seidel v. Durkin (In re Goodwin)</u>, 194 B.R. 214, 221 (9th Cir. BAP 1996) (internal citations omitted). Furthermore, unlike motions made under § 28 U.S.C. 144, a motion to recuse under 28 U.S.C. § 455 does not require the judge to take the factual allegations as true. <u>Id.</u> at 222. Therefore, there is no legal basis to support the Debtor's contention that the bankruptcy judge in this case lacked jurisdiction over approval of the Final Report. <u>See</u> 28 U.S.C. 157(b)(2)(A).

Rule 7062 makes Fed. R. Civ. P. 62 applicable in adversary proceedings. Fed. R. Civ. P. 62(a) provides that "no execution may issue on a judgment nor may proceedings be taken to enforce it, until 14 days have passed after its entry." Rule 7062 is

inapplicable here. The Final Report was not brought by motion in an adversary proceeding but in conjunction with the general administration of the bankruptcy estate. Moreover, the entry of the bankruptcy court's order approving the Final Report does not constitute "executing" or "enforcing a judgment" against the Debtor. In sum, the bankruptcy court was not divested of jurisdiction and did not err in ruling on the Final Report.

**C.   Merits**

Bankruptcy Code §§ 330(a)(1) and 326(a) govern the bankruptcy court's determination of the amount of reasonable compensation to be awarded to a chapter 7 trustee. Boldt v. U.S. Trustee (In re Jenkins), 130 F.3d 1335, 1337 (9th Cir. 1997). Section 326(a) sets forth the maximum compensation payable to a chapter 7 trustee. It limits a chapter 7 trustee's compensation to a percentage of the funds disbursed by the trustee. The policy underlying § 326(a) is to ensure that a trustee is compensated commensurate with the value of the services conferred on the bankruptcy estate. Sw. Media, Inc. v. Rau, 708 F.2d 419, 423 (9th Cir. 1983). "The crucial test seems to be . . . whether or not the particular property or fund has been justifiably administered in the bankruptcy court, or whether or not the trustee has properly performed services in relation thereto." Id. at 424 n.4 (quoting In re Schautz, 390 F.2d 797, 800 (2d Cir. 1968)).

Additionally, § 330(a)(3)(A)-(E) lists the criteria the bankruptcy court must consider in determining the amount of reasonable compensation to be awarded a trustee's counsel under

§ 330(a), including whether the services were necessary to the administration of, or beneficial toward the completion of a bankruptcy case. The burden of establishing entitlement to the fees requested from the estate rests with the trustee. Roderick v. Levy (In re Roderick Timber Co.), 185 B.R. 601, 606 (9th Cir. BAP 1995).

The Debtor did not initially dispute the compensation sought by the Trustee under § 326(a), but on appeal argues that the Trustee's calculation of his percentage is wrong, that his fees were not itemized, and are excessive. Because these arguments were not presented to the bankruptcy court, we do not address them here. In re E.R. Fegert, Inc., 887 F.2d at 957 (internal citation omitted). Furthermore, we note that the Trustee provided a lengthy declaration explaining the work performed throughout the bankruptcy case and the resulting benefit of that work to recovering assets for the estate, as well as a form outlining his calculations.

Before the bankruptcy court, the Debtor opposed the approval of the Final Report by contending that $62,894.53 of McClellan's fees did not benefit the estate. She argued that there was no benefit to the estate from his fees generally incurred in attempting to complete a Rule 2004 Examination of the Debtor, in talking to the Debtor's homeowners' association, in attempting to deem the Debtor a vexatious litigant, and in revoking the Debtor's discharge.[6] However, the Debtor did not identify

---

[6] No fees were sought by the Trustee related to revoking the Debtor's discharge.

-11-

specific line item amounts or present any reasoned legal arguments or facts as to why such efforts did not benefit the estate.

The Debtor asserts that the bankruptcy court erred in determining that she did not provide evidence to support her argument. She contends that she supported her argument with "detailed findings of $62,894.53 in false billings included within McClellan's outrageous $327,925.19 bill and her [Motion to Recuse]." Appellant's Opening Brief at 7.

While McClellan submitted comprehensive billing records to support his fee request, our review of the record reveals that the Debtor did not provide any detail about the source of her $64,894.53 calculation and did not provide a declaration setting forth facts to support her conclusory assertion that certain work performed by McClellan did not benefit the estate. As a result, her assertions are merely argument and provide insufficient evidentiary support or facts which the bankruptcy court may use in its findings. See, e.g., British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

The record supports the bankruptcy court's ruling that the Debtor did not provide any evidence or factual support for her allegation that certain work performed by the Trustee and McClellan did not benefit the estate. Indeed, the Trustee submitted a lengthy declaration detailing his and his counsel's protracted efforts in conducting a Rule 2004 Examination of the Debtor, in interviewing the homeowner's association in his efforts to recover real property for the estate, and in his efforts to limit the expenses and fees in responding to the

numerous challenges by the Debtor, throughout the administration of the estate, by having her deemed a vexatious litigant. The Trustee stated in his declaration that all of those various efforts taken by McClellan resulted in assets being recovered and reduced to cash. Accordingly, the bankruptcy court had uncontroverted evidence that the work performed by the Trustee and McClellan benefitted the estate. Under these circumstances, we conclude that the bankruptcy court did not abuse its discretion by approving the Final Report.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM the bankruptcy court's order approving the Final Report.